May Term,
1858.

THE INDIAN-
APOLIS, &c.,
RAILRO'D CO.
v.
KLEIN.

THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY
v. KLEIN.*

Action by an employè of a railroad company against the company, to recover
   damages for an injury received whilst in the employ of the company as a
   brakeman, occasioned by the roughness of the road and the breaking of a
   defective axle. Demurrer to the complaint, for the fifth statutory cause, over-
   ruled. The objection was, that the complaint did not negative a knowledge,
   by the plaintiff, of the condition of the road and machinery. *Held*, that this
   was not necessary; that it was matter of defense, which would more pro-
   perly appear in the answer.

The case of *The Indianapolis, &c., Railroad Co.* v. *Love*, 10 Ind. R. 554, af-
   firmed.

APPEAL from the *Shelby* Circuit Court.

HANNA, J.—This was an action by an employè of the
company, a brakeman, engaged on a passenger train, for
an injury, &c.   There was a trial—verdict and judgment
for the plaintiff for 2,000 dollars.   New trial refused, and
motion in arrest overruled.

The first error complained of is, in overruling a demur-
rer to the complaint, and in the refusal to arrest the judg-
ment because of the alleged insufficiency of the complaint.

The complaint avers, among other things, that whilst so
" engaged, and whilst said train was running at a rapid
rate, an axle of one of the cars broke, and precipitated the
train off the track, and then and there, unavoidably on the
plaintiff's part, threw him between and under said cars, be-
tween which his hand was caught and crushed, and seve-
ral of his fingers cut off, which has, &c.; the breaking of
which said axle was caused partly by having the track too
rough, and partly from a defect in the axle; all of which
was negligently and carelessly permitted by the defend-
ants," &c.

It is objected to this complaint that there is no averment
of a want of knowledge by the plaintiff of the defects com-
plained of.   In other words, it is insisted that the plaintiff

---

* The petition for a rehearing in this case was filed on the 27th of *July*, and
overruled on the 12th of *October*.

should, in his complaint, negative a knowledge or notice by him of the condition of the road and machinery.

May Term,
1858.

THE INDIAN-
APOLIS, &c.,
RAILRO'D Co.
v.
KLEIN.

We do not think such averment necessary. It was a matter of defense, which would more properly appear in the answer, as it does, in point of fact, in the case at bar.

The plaintiff avers negligence upon the part of the defendants, to his injury. The defendants, by the demurrer, in effect, admit the truth of the allegation. This would be sufficient, upon this point, to entitle the plaintiff to recover, if no defense was set up.

The demurrer was correctly overruled.

The defendants answered in five paragraphs—

1. Admitting the employment and injury of plaintiff, and that it was caused by the cars being thrown from the track, in consequence of the breaking of a defective axle; but averring that the defect was unknown to the defendants. Denial to the residue of the complaint.

2. Admitting the injury; but averring due care in constructing the road and furnishing servants and cars, &c.; and charging that said plaintiff had full knowledge of the condition of the road.

3. That the engineer in charge of the train ran the same at too great speed, and thereby carelessly and wrongfully caused, &c.

4. A general denial.

5. Similar to the second.

A demurrer was filed to all the paragraphs of the answer except the general denial, which was sustained as to the third, and overruled as to the other paragraphs, to which a reply by way of general denial was filed.

The counsel for the appellants states, in his brief, that the real question he desires to present is, " can a servant maintain an action against his employer for an injury occasioned by imperfections in the things which he undertakes to operate with and upon, if he be fully advised of their true state and condition."

In reference to this question, we have, at the present term, after a patient investigation, in the case of the same appellants against *Love*, come to a conclusion (1). With-

May Term, 1858.

THE INDIANAPOLIS, &c., RAILRO'D CO.

v.

KLEIN.

out doubt, the decisions upon this point have not been uniform in the several states, and in *England;* but that arrived at by us, is, we think, such as will come as near preserving the rights and interests of parties as any other.

Objection is now made to an instruction given to the jury; but the point is not reserved in such form as will, under the decisions heretofore made, enable us to pass upon it. *Garrigus* v. *Burnett et ux.*, 9 Ind. R. 528.

An argument is made upon the ruling of the Court in sustaining the demurrer to the third paragraph of the answer; but as there was no exception to that ruling, we cannot examine its correctness.

It is assigned for error that the Court overruled the motion for a new trial. The counsel for the appellant say nothing upon the point in their brief, and we have not, therefore, closely examined the testimony in reference to whether it sustains the verdict.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

Davison, J., was absent.

*W. J. Peaslee, J. Ryman* (2), *J. S. Scobey,* and *W. Cumback* (3), for the appellants.

(1) 10 Ind. R. 554.

(2) Mr. *Ryman,* in his brief, argued, in substance, as follows:

The real question in the case is, can a servant maintain an action against his employer for an injury occasioned by imperfections in the things which he undertakes to operate with and upon, if he be fully advised of their true state and condition. It is a forcible, and, I conceive, an unanswerable argument against such a claim, that no precedent for such an action can be found in our books of forms. Many branches of business are extremely hazardous; and if such an action was maintainable we would not be without precedents.

But the argument does not rest solely on the absence of authority in support of the demand. There are adjudicated cases against it. In the case of *Farwell* v. *The Boston and Worcester Railroad Co.,* 4 Met. 49, SHAW, C. J., in delivering the opinion of the Court, says: "The general rule resulting from considerations, as well of justice as of policy, is, that he who engages in the employment of another for the performance of specified duties and services, for compensation, takes upon himself the natural and ordinary risks and perils incident to the performance of such services; and, in legal presumption, the compensation is adjusted accordingly."

In the case of *Seymore* v. *Maddox,* the plaintiff alleged that he was employed at the defendant's theatre; and that through the floor of a stage over which he

was required to pass, in the discharge of his duties, there was a hole which it was the duty of the defendant to keep well fenced and lighted, but which he neglected to do, in consequence of which, the plaintiff fell and was injured. The question before the Court was, whether the relation of master and servant imposed on the former such duty. It was held that no such duty existed. "The servant is not," said COLERIDGE, J., "bound to enter the master's service, but if he does, and finds things in a certain state, he must take the consequences of anything that may occur, owing to such state of things." 5 Eng. Law and Eq. 265.—1 Am. Railway Cases, 568, note.

May Term,<br>1858.<br><br>THE INDIAN-<br>APOLIS, &c.,<br>RAILRO'D CO.<br>v.<br>KLEIN.

In the case of *Ryan* v. *The Cumberland Valley Railroad Co.*, the plaintiff sought to make the company liable for an injury sustained by him, by the dumping of a gravel car which had not been hooked. The plaintiff was in the service of the company when the accident occurred, as a common laborer, in digging, and loading the cars, and was on them, with the assent of the company, going to his work, but he had nothing to do with running them. It was adjudged that he could not recover. In the opinion given, the Court used the following language: "The duty must therefore be alleged as that of the defendants to the plaintiff. In what form shall we put it, or how shall we define it? Is it that, when persons are employed to work for others, the employers are bound to see that the instruments of their work are, and shall continue to be, in a condition to be used with safety? Then the coachman, the wagoner, and the carter, who ought to know more about the vehicles they use than their employers do, have a practical warranty that they are in good order, though practically we know that many of them are nearly worn out; the wood-chopper and grubber are insured that their axe or mattock shall not injure them by flying off the handle; the engineer, the miller, the cotton-spinner, and the wool-carder have a guarantee for the accident which may befall them in the use of the machinery which they profess to understand, and which they ought 'so to understand, as to be able to inform their employers when it is out of order." Livingston's Law Magazine for *April*, 1855.—23 Penn. R. 384.

The same principle was asserted by this Court at the *May* term, 1855, and must therefore be regarded as settled law. It follows that the Court below erred in overruling the demurrer to the complaint.

(3) Messrs. *Scobey* and *Cumback*, in their petition for a rehearing, made, in substance, the following argument:

1. Where several persons are employed as workmen in the same general service, and one of them is injured through the carelessness of another, the common master of all is not responsible. *Priestly* v. *Fowler*, 3 Mees. and Wels. 1. —*Skip* v. *The Eastern, &c., Railway Co.*, 24 Eng. Law and Eq. 396.—*Farwell* v. *Boston, &c., Railroad Co.*, 4 Met. 49.—*Murray* v. *South Car. Railroad Co.*, 1 McMullen, 385.—*Brown* v. *Maxwell*, 6 Hill (N. Y.), 592.—*Coon* v. *S. and U. Railroad Co.*, 6 Barb. 231.—Same case, 1 Selden, 492.—*Hayes* v. *Western Railroad Co.*, 3 Cushing, 270.—*Albro* v. *Agawam Canal Co.*, 6 id. 75.—*King* v. *Boston, &c., Railroad Co.*, 9 id. 112.—*Gillshannon* v. *Stonybrook Railroad Co.*, 10 id. 228.—*Sherman* v. *Roch. and Syr. Railroad Co.*, 15 Barb. 574.—*McMillan* v. *Sar. and Wash. Railr'd Co.*, 20 id. 449.—*Honner* v. *Ill. Cen. Railr'd Co.*, 15 Ill. R. 550. —*Ryan* v. *The Cumb. Val. Railr'd Co.*, 23 Penn. St. R. 384.—*McDaniel* v. *Emanuel*, 2 Richardson, 455.—*Couch* v. *Steel*, 24 Eng. Law and Eq. 77.— *Wiggett* v. *Fox*, 36 id. 486.—*Tarrant* v. *Webb*, 37 id. 281.—*Shields* v. *Yong*, 15 Georgia R. 349.— *Walker* v. *Bolling*, 22 Alabama R. 294.—*Cook* v. *Parham*, 24 id. 21.—

May Term,
1858.

THE INDIAN-
APOLIS, &C.,
RAILRO'D Co.
v.
KLEIN.

*Bassett* v. *Nor. and Nash. Railroad Co.*, Sup. Ct. Conn., 19 Law R. 551.— *Hubgh* v. *N. O. and C. Railroad Co.*, 6 Lou. An. R. 495.—*Mad. and Ind. Railroad Co.* v. *Bacon*, 6 Ind. R. 205.—Redfield on Railways, 386.

2. Where the injury to the servant has happened by reason of defective machinery used, if the defects were unknown to the master, and which could not, in the exercise of care and skill, be known by him, he is not liable for such injury. Redfield on Railways, 387, note 2, and 389, § 6, note 10.—*McMillan* v. *Sar. and Wash. Railroad Co.*, 20 Barb. 449.—*Hubgh* v. *N. O. and C. Railroad Co.*, 6 Lou. An. R. 495.—*Keegan* v. *Western Railroad Co.*, 4 Selden, 175. —*Noyes* v. *Smith*, 28 Vermont R. 59.—*McGatrick* v. *Wason*, 4 Ohio St. R. 566. —*Mad River and Lake Erie Railroad Co.* v. *Barber*, reported in *July* No. of Am. Law Reg. 534. In the case last referred to, page 558, the Court say: "If there was no neglect of due and ordinary diligence on the part of the company, in furnishing, or continuing the use of the cars and machinery, and the injury was caused by latent defects, unknown alike to the company and to the conductor, and not discoverable by due and ordinary diligence in the inspector of the cars and machinery, it would be a misadventure, falling among the casualties incident to the business, and for which no one could be blamed." And in *McGatrick* v. *Wason*, 4 Ohio St. R., above cited, at page 575, the rule is thus stated: "The general rule is, that an employer, who provides the machinery, and oversees and controls its operation, must see that it is suitable; and if an injury happen to the workmen by reason of a defect unknown to the latter, and which the employer, by the use of ordinary care, could have cured, then the employer is liable for the injury." On this question, this Court, at its present term, in the case of *The Ind. and Cin. Railroad Co.* v. *Love*, has announced rules by which it will be governed, in substance, as follows: 1. If the railroad company had notice of the defect, and the servant had not, then the company is liable; and, 2. If the servant had notice of the defect, and the railroad company had not, then the company is not liable. And then the Court say further: "And a still more difficult question would be presented where both parties had this knowledge, and injury should result from an attempt to operate the road. In this latter instance, we think, the true rule of decision is, that each party takes the risk, unless the employer undertakes to give special directions as to the mode of operating. Then, if in following those directions, injury should result, by reason of adhering to such directions, liability would attach." Again, in the same case, this Court say: "The imperfect connection of the track might have existed in consequence of internal and invisible defects in the materials employed, which had escaped the closest scrutiny, and set at naught the exercise of the utmost care and diligence of the company." If this were true in that case, it is implied that it would have been a defense to that action, and correctly too, as we think. If the company ought not to be held liable, where both parties knew of the defect—the servant, in that case, taking the risk, as above stated by the Court—for a stronger reason, certainly, the servant takes the risk where both parties are ignorant of the defect, and where it could not have been discovered in the exercise of due care and scrutiny. It has been held, and it seems, correctly, too, that in such a case the master is not liable for an injury done to a passenger. The case of *Ingalls* v. *Bills et al.*, 9 Met. 1, is in point. At p. 15 of this case the Court say: "Where the accident arises from a hidden and internal defect, which a careful and thorough examination would not disclose, and which could not be guarded against

by the exercise of a sound judgment and the most vigilant oversight, then the proprietor is not liable for the injury, but the misfortune must be borne by the sufferer, as one of that class of injuries for which the law can afford no redress in the form of a pecuniary recompense."

We claim, therefore, from the foregoing reasoning and authorities, that these two propositions are made out:

1. If the injuries, of which the appellee in this case complains, were occasioned by the negligence or wrong of his co-servant (the engineer of the train), the appellant is not liable; and,

2. If such injuries were occasioned by defective machinery, of which the railroad company had no knowledge, and could not reasonably have had, the appellant is not liable.

That there are cases in which an employè has maintained a suit against his master for injuries received in consequence of the conduct of a coëmployè, we admit.   But these cases will be found to stand as exceptions to the rule, and not as indicating that there is no such rule.   We have two cases in *Indiana—Gillenwater* v. *The Mad. and Ind. Railroad Co.*, 5 Ind. R. 339, and *Fitzpatrick* v. *The N. A. and S. Railroad Co.*, 7 Ind. R. 436.   In the first case, *Gillenwater*, a carpenter, was passing over the road to a place for getting out some timbers to build a bridge.   The Court, in substance, held that if he had received his injury from a co-carpenter the case would then have involved this doctrine; but, as it was, they did not feel called upon to intimate any opinion either way.   In the *Fitzpatrick* case, Judge DAVISON delivering the opinion of the Court, says, that the rule of decision in that case is plainly the same as in the *Gillenwater* case—that the plaintiff, "though a servant of the company, was in no respect connected with the department of service in which the engineer was engaged, no more than was *Gillenwater*."   And the distinction taken in these cases, is repudiated entirely in several recent cases.   Redfield on Railways, 387, § 4 and note 5, with the authorities there cited.—*Albro* v. *The Agawam Canal Co.*, 6 Cushing, 75.—*Gillshannon* v. *The Stonybrook Railroad Co.*, 10 *id.* 228.—*Coon* v. *The S. and U. Railroad Co.*, 6 Barb. 231.—Same case on appeal, 1 Selden, 492.—*Ryan* v. *Cumb. Val. Railroad Co.*, 23 Penn. St. R. 384.—6 Eng. Railway Cases, 580.—*Wiggett* v. *Fox*, 36 Eng. Law and Eq. 486.

May Term,
1858.

THE INDIAN-
APOLIS, &c.,
RAILRO'D CO.
v.
KLEIN.

END OF CASES HELD BACK, &c.