[No. 11730.  In Bank. — March 21, 1889.]

# WILLIAM F. MAGEE, RESPONDENT, v. THE NORTH PACIFIC COAST RAILROAD COMPANY, APPELLANT.

NEGLIGENCE — MASTER AND SERVANT — PLEADING. — In an action by the employee of a railroad company for injuries received by the throwing of the train from the track by an animal, as the result of the negligence of the railroad company in not keeping its track properly fenced, and in not keeping its cow-catcher in a proper position, the complaint is not demurrable for failure to allege that plaintiff was ignorant of the defects in the fence, or of the improper position of the cow-catcher. In an action for negligence, the plaintiff need not allege that the injury was done without fault of the plaintiff.

ID. — CONTRIBUTORY NEGLIGENCE — PLEADING — EVIDENCE. — When the answer in an action for negligence, brought by the employee of a railroad company, pleads that the injuries complained of were·caused by the carelessness and negligence of the plaintiff, such allegation is deemed denied by the plaintiff, and raises an issue under which the plaintiff may prove that he was ignorant of the defects which caused the injury.

OBJECTION TO EVIDENCE — EXCEPTION — RENEWAL OF QUESTION. — When a question upon which a ruling is made and an exception taken is not answered, and similar questions are immediately asked and answered, with a change only in the form of the phraseology, but without a renewal of the objection, the party objecting should nevertheless have the benefit of his objection and exceptions.

NEGLIGENCE — MASTER AND SERVANT — NOTICE OF DEFECTS — QUESTION OF FACT — NONSUIT. — The right of the servant to recover on account of the master's negligence is not affected by notice of any defects other than such as the servant ought, in the exercise of ordinary prudence, to have foreseen might endanger his safety. The question whether he had such knowledge of the danger to which he was exposed as would charge him with contributory negligence is one of fact for the jury; and the court should not grant a nonsuit upon the ground merely that plaintiff knew of the defects which occasioned the injury.

NEW TRIAL — DISCRETION. — A very large discretion has been accorded to trial courts in the matter of granting or refusing new trials.

ID. — RIGHTS OF SERVANT — PRESUMPTION. — A servant has a right to assume that when danger from defects has become known to the master, such measures have been taken as would prevent the recurrence of that danger, and if no knowledge is shown of the particular defect or danger which occasioned the injury, a verdict against the master will not be disturbed.

ID. — QUESTION OF FACT — CASE OVERRULED. — The case of *Sweeney* v. *C. P. R. R. Co.*, 57 Cal. 15, overruled, so far as it conflicts with the ruling in this case that the question of plaintiff's knowledge of the danger to which he was exposed by reason of the omission to fence the road was one for the jury.

APPEAL from a judgment of the Superior Court of Marin County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*W. H. L. Barnes,* for Appellant.

The complaint must be taken most strongly against the plaintiff. (*Green* v. *Covillaud,* 10 Cal. 317; 70 Am. Dec. 725; *Sparks* v. *De la Guerra,* 14 Cal. 108; *Guy* v. *Washburn,* 23 Cal. 111; *Landers* v. *Bolton,* 26 Cal. 418; *Collins* v. *Townsend,* 58 Cal. 608; *Nev. Co. & Sac. Canal Co.* v. *Kidd,* 28 Cal. 684.) That the defects were unknown to the plaintiff was essential to the cause of action. (*Hallower* v. *Henley,* 6 Cal. 209; *McGlynn* v. *Brodie,* 31 Cal. 376; *McGatrick* v. *Wason,* 4 Ohio St. 569; *Malone* v. *Hawley,* 46 Cal. 409; *Conlin* v. *S. F. & S. J. R. R. Co.,* 36 Cal. 405; *Baxter* v. *Roberts,* 44 Cal. 187; 13 Am. Rep. 610; *Beeson* v. *G. Mt. G. M. Co.,* 57 Cal. 20; *Sowden* v. *Idaho Quartz Mining Co.,* 55 Cal. 443; *Sweeney* v. *Central Pacific R. R. Co.,* 57 Cal. 15.)

*Hepburn Wilkins,* for Respondent.

The complaint need not aver want of contributory negligence, or want of knowledge of defects. (*Robinson* v. *W. P. R. R. Co.,* 48 Cal. 426; *Yik Hon* v. *Spring Valley Water Works,* 65 Cal. 619; *Brown* v. *Central Pacific R. R. Co.,* 68 Cal. 171; *Wolfe* v. *Supervisors of Richmond,* 11 Abb. 271; *Conroy* v. *Oregon Construction Company,* 10 Saw. 630; *Crane* v. *Missouri Pacific R. R. Co.,* 87 Mo. 588; *Indianapolis & C. R. R. Co.* v. *Klein,* 11 Ind. 38; *Indianapolis & C. R. R. Co.* v. *Love,* 10 Ind. 544; *Holt* v. *Whatley,* 51 Ala. 569; *Karesborough* v. *Belcher Silver Mining Co.,* 3 Saw. 446.) An employee is not bound to know of defects not in his department of labor; but may presume that the employer has furnished proper appliances in every department outside of that in which he is engaged. (*Bowers* v. *Union Pacific R. R. Co.,* 6 West Coast Rep. 726; *Brann*

v. *Chicago etc. R. R. Co.*, 53 Iowa, 595; *Beeson* v. *Green Mountain Co.*, 57 Cal. 20; *Trask* v. *California Southern R. R. Co.*, 63 Cal. 96; *Gibson* v. *Pacific R. R. Co.*, 46 Mo. 163; 2 Am. Rep. 497.) The code fixes the rule of liability. (Civ. Code, secs. 1970, 1971; *Rodgers* v. *C. P. R. R. Co.*, 67 Cal. 609; *Patterson* v. *Pittsburg & Connellsville R. R. Co.*, 76 Pa. St. 393; 18 Am. Rep. 412; *Snow* v. *R. R. Co.*, 8 Allen, 441; 85 Am. Dec. 720.) The plaintiff's knowledge or want of knowledge of danger was a question for the jury. (*Phillips* v. *G. C. C.*, 42 Wis. 596; *Wilson* v. *Southern Pacific R. R. Co.*, 62 Cal. 172.)

SHARPSTEIN, J.—This appeal is from a judgment and order denying a motion for a new trial. The first ground upon which appellant's counsel insists that the judgment should be reversed is, that the complaint does not state facts sufficient to constitute a cause of action. The plaintiff alleges that he was in the employ of the defendant as brakeman and baggage-master, and was seriously injured by the train being thrown from the track by a bull which had intruded upon it. He further alleges that the fences inclosing the track were insufficient to prevent the intrusion of cattle thereon, and that the cow-catcher was not in a position to remove obstacles from the track; that the defendant knew of the defects in the fence, and the improper position of the cow-catcher. But he does not allege that he was ignorant of the defects in the fence, or of the improper position of the cow-catcher; and the omission so to allege constitutes, as appellant contends, a failure to state facts sufficient to constitute a cause of action.

In *McGlynn* v. *Brodie*, 31 Cal. 376, it is said, *arguendo*, that the pleader in that case had not "overlooked the necessity of averring in his complaint the essential fact 'that plaintiff had no knowledge that the same [cupola] was insecure.'"

While it is sufficiently clear that the court then

thought such an averment in a complaint necessary to constitute a cause of action in cases like the one then before it and the one now before us, the expression of an opinion upon a question not before the court for decision is not entitled to the same consideration as it would be entitled to if such a question had been involved in the case.

In *Robinson* v. *W. P. R. R. Co.*, 48 Cal. 409, it was held that in actions based on the negligence of defendants, "the complaint need not allege that the injury was done without fault of the plaintiff."

In *McQuilken* v. *C. P. R. R. Co.*, 50 Cal. 7, the case of *Robinson* v. *W. P. R. R. Co.*, *supra*, is cited on this point approvingly.

In *Indianapolis & C. R. R. Co.* v. *Klein*, 11 Ind. 38, which was an action by an employee of a railroad company against the company to recover damages for an injury received whilst in the employ of the company as a brakeman, there was a demurrer to the complaint. In passing upon it the court said: "It is objected to this complaint that there is no averment of a want of knowledge by the plaintiff of the defects complained of. In other words, it is insisted that the plaintiff should in his complaint negative a knowledge or notice by him of the road and machinery. We do not think such averment necessary. It was a matter of defense which would more properly appear in the answer."

In *Crane* v. *Mo. Pac. R. R. Co.*, 87 Mo. 588, the court says: "It has been settled in this state, since the case of *Thompson* v. *N. M. R. R. Co.*, 51 Mo. 191, 11 Am. Rep. 443, that contributory negligence is a matter of defense, and that the *onus* of establishing it is on the defendant, and the rule has been reiterated in the late case of *Stephens* v. *City of Macon*, 83 Mo. 345. If the *onus* of proving contributory negligence or knowledge on the part of the plaintiff of defective machinery rests on the defendant, it would be a singular rule of pleading to require a

plaintiff to aver negatively that he was not guilty of contributory negligence, or did not have knowledge of defective machinery, neither one of which he would be required to prove to make out his case, but which the defendant would be required to prove to make out his defense." In *Hackford* v. *N. Y. C. R. R. Co.*, 19 N. Y. 310, the court said: "No precedent of the common-law declaration can be found, I think, in which the plaintiff asserts that he was free from negligence, nor any decision that he is bound to make such proof." This seems to accord with the rule that "it is not necessary to state matter which would come more properly from the other side," —the meaning of which is, "that it is not necessary to anticipate the answer of the adversary, which, according to Hale, C. J., is 'like leaping before one comes to the stile.'" (Stephen on Pleading, 350.)

In *Lee* v. *Troy Citizens' Gas Light Co.*, 98 N. Y. 115, the court says: "In the multitude of cases of this general character, we know of none which requires of the pleader any independent or explicit allegation that the plaintiff himself was without fault."

Our conclusion is, that the demurrer was properly overruled.

On the trial, while the plaintiff was testifying as a witness in his own behalf, he was asked by his counsel, "Did you ever know of any defect in the fence?"

Defendant's counsel objected to the question "as incompetent and inadmissible under the pleadings," it being "nowhere alleged in the complaint that there was any defect in the structure of the fence that was unknown to plaintiff." The objection was overruled, and before the witness answered the question, counsel for plaintiff put the question in the following form: "If there were any defects in the fence along the right of way, were any such defects known to you up to the seventeenth day of April, 1882,—that is, the time when this suit was commenced?" The witness answered, "No, sir."

*Counsel.* — "They were not?"

*Witness.* — "They were not."

It does not appear that counsel for defendant renewed his objection to the question as it was finally put and answered, but we think he should, nevertheless, have the benefit of his objection and exception, as the change in the form of the question was one of phraseology only.

If the question was irrelevant, the objection was improperly overruled; otherwise not. We think it was relevant; for while, as has already been shown, the complaint contained no allegation of plaintiff's ignorance of the defects in the fence, the answer "alleges and charges the fact to be, that whatever injuries were sustained by said plaintiff were caused solely and wholly by his own carelessness and negligence, and that but for his own carelessness and negligence he would not have been injured." This allegation must be deemed denied by plaintiff, and it raised an issue to which the evidence was applicable, and if so, such evidence was not irrelevant nor incompetent.

We perceive no error in that ruling.

After the plaintiff rested, defendant's counsel moved for a nonsuit, on the grounds: 1. That there was no evidence that the train was not properly run, or that plaintiff did not know the manner in which it was run; that is, with no cow-catcher in front; 2. That the evidence shows that plaintiff knew of the condition of the fence.

Conceding that the evidence shows that plaintiff knew of the preposterous manner in which the train upon which he was injured was operated, and knew that cattle had previously intruded upon the track, it does not, in our opinion, follow that a nonsuit should have been granted. The right of a servant to recover on account of the master's negligence is not affected by notice of any defects other than such as the servant ought, in the exercise of ordinary prudence, to have foreseen might endanger his safety. (Shearman and Redfield on Negli-

gence, 214; *Dale* v. *St. Louis R. R. Co.,* 63 Mo. 455; *Mehan* v. *Syracuse etc. R. R. Co.,* 73 N. Y. 585.)

It has been expressly held that mere continuance of a servant in his work in the face of a known danger only raises a question for the jury. (*McMahon* v. *Port Henry Iron Co.,* 24 Hun, 48; *Hawley* v. *Northern Central R. R. Co.,* 17 Hun, 195; 82 N. Y. 370.)

In fact, judgments for damages have been sustained in many cases where the servant had knowledge of the particular defect or danger which resulted in his injury. (*Clarke* v. *Holmes,* reported in 2 Seymour on Negligence, 953; *Fairbank* v. *Haentzsche,* 73 Ill. 236; *Dorsey* v. *Phillips,* 42 Wis. 583.)

In *Clarke* v. *Holmes, supra,* Cockburn, C. J., said: "But the question whether the injury of which plaintiff complains is to be ascribed wholly to the negligence of the defendant, or whether the plaintiff had any share in bringing it about, is one wholly for the jury."

The motion for nonsuit was properly overruled.

Consistently with the views above expressed, we cannot disturb the order denying the motion for a new trial. There is no evidence that the plaintiff knew of the particular defect or danger which resulted in his injury. He knew that cattle had previously been on the track, but he did not know that effective measures had not been taken before the occurrence of which he complains, to prevent their coming on. We think he had a right to assume that such measures had been taken as would prevent the recurrence of that danger. At least, there was evidence to justify the jury in finding that he had no knowledge of the particular defect or danger which resulted in his injury.

In *Trask* v. *Cal. S. R. R. Co.,* 63 Cal. 96, where a trainhand was injured, and the court found that the injury was caused by the unskillful, improper, and negligent manner in which the defendant constructed its road, it was held that "the plaintiff did not assume the risk

arising from the unskillful, improper, and negligent manner in which defendant's road was constructed."

"It has been often said that the master is not liable for defects in such things to a servant whose means of knowledge thereof were equal to those of the master. But this is an erroneous statement. The master has no right to assume that the servant will use such means of knowledge, because it is not part of the duty of the servant to inquire into the sufficiency of these things. The servant has a right to rely upon the master's inquiry, because it is the master's duty so to inquire; and the servant may justly assume that all these things are fit and suitable for the use which he is directed to make of them. The true definition is, that when circumstances make it the duty of the servant to inquire, it is contributory negligence on his part not to inquire. A servant is chargeable with actual notice as to matters concerning which it was his duty to inquire; and especially should this rule be applied where the servant's action is founded upon the assumption that the master ought to have known of something which he did not actually know." (Shearman and Redfield on Negligence, sec. 287.)

We think that rule fairly deducible from a majority of the cases in which the question was involved. There are cases, however, to the contrary, at least, seemingly so, among which is *Sweeney* v. *C. P. R. R. Co.*, 57 Cal. 15, in which it was held that a new trial was properly granted on the ground of insufficiency of the evidence to justify the verdict, because "from the testimony of the plaintiff's witnesses, and as the case stood when the plaintiff rested, it would hardly be rational to deny he had known for months, indeed years, before the accident which caused his death, that the road at or for miles each side of the point where the collision occurred was not protected by fences and cattle-guards; and being an intelligent, reasonable human being, and engaged constantly as a locomotive engineer over this particular portion of the road,

he must be deemed to have known that cattle were likely to intrude upon the track, and that thereby there was danger of just such an accident as resulted in his death."

In that case, the motion for a new trial was granted. In this case, it was denied. In that case, it does not appear that the road had ever been fenced,—a fact of which an employee might more reasonably be supposed to take notice than of the fact that there was a defect in an existing fence.

And a very large discretion has been accorded to trial courts in the matter of granting or refusing new trials in this state. But we will not attempt to parry the force of that decision by suggesting a distinction which is not obvious.

The principle upon which the court proceeded in that case is not, in our opinion, supported by the weight of authority, and does not commend itself to our favorable consideration.

We think the question of the plaintiff's knowledge of the danger to which he was exposed by reason of the omission to fence the road was one for the jury.

In this case we are satisfied that the verdict of the jury ought not to be disturbed on the ground that it was not justified by the evidence.

It appears to us that the questions discussed were fairly submitted to the jury by the court in its instructions.

Judgment and order affirmed.

THORNTON, J., BEATTY, C. J., and WORKS, J., concurred.