[S. F. No. 1200.    Department Two.—March 24, 1900.]

WILLIAM SILVEIRA, Respondent, v. NIELS IVERSEN et al., Appellants.

NEGLIGENCE — INJURY FROM DEFECTIVE REEFING PENNANT — PLEADING — CAUSAL RELATION—DEFECTIVE ALLEGATION CURED BY VERDICT.—A complaint charging that it was the duty of the defendants to supply a schooner, upon which plaintiff was employed, with good, safe and strong ropes, tackle, and sailing apparatus, and that defendants, disregarding their duty, provided and used an old, worn-out, rotten, defective reefing pennant with which to reef the mainsail, of which they had notice, and that while plaintiff, in obedience to orders, was assisting in reefing the mainsail by pulling at the reefing pennant in the usual and

128  187
e129  129
128  187
140  309
128  187
d146  774
128  187
e148  37
128  187
149  38
149  778

proper way, it broke; and that when it broke plaintiff fell backward from the roof of the cabin and was injured, is liable to special demurrer for not distinctly alleging that the reefing pennant broke because it was defective, and that the breaking of it caused plaintiff to fall, but is sufficient after verdict for plaintiff to support the judgment in his favor.

ID.—EVIDENCE—OPINION—UNSOUNDNESS OF ROPE—DISCERNIBLE DEFECT. It is proper to inquire of a witness whether a defect in an unsound rope could have been discerned or discovered by the use of ordinary diligence; and the question as to how it can be determined whether a rope has become rotten and unsound is not objectionable as not being a proper subject of opinion evidence.

ID.—INADMISSIBLE DECLARATION OF CAPTAIN — RES GESTAE — AGENCY —PREJUDICIAL ERROR.—The declaration of the captain of the vessel when examining the broken rope after the accident that "that looks pretty bad" is not admissible as part of the *res gestae,* nor as the declaration of an agent within the scope of, his employment; and it cannot bind the owners of the vessel. Its admission must be deemed prejudicial error, which is not overcome because other competent evidence tended to prove the same fact.

ID.—INSTRUCTIONS — REFUSAL OF BEQUESTS. — Requested instructions which are embodied in the charge, or which are inapplicable to the evidence in the case, are properly refused.

ID.—INAPPLICABLE RULE—CONTINUOUS USE OF SAFE MACHINE.—The rule that when a machine not obviously dangerous has been in daily use for a long time, and has uniformly proved safe and efficacious, its use may be continuous without imputation of negligence, which is properly applied where some particular device or pattern in use is compared to another deemed more safe, is incorrect as applied to the use of a particular instrument which is defective.

ID.—MASTER AND SERVANT—DISCOVERY OF DEFECTS IN APPARATUS.— A servant is not required to use any degree of care or diligence to discover defects in an apparatus which are not obvious, and he only assumes the risk when the defects are so obvious that he must be held to have known them, or to have been grossly careless in not observing them. The servant has a right to rely upon the master's inquiry as to all defects not obvious to view, because it is the master's duty to inquire as to their existence, and in such case the servant may justly assume that the apparatus is fit and suitable for the use he is directed to make of it.

ID.—EQUALITY OF MEANS OF KNOWLEDGE—ERRONEOUS INSTRUCTION.—An instruction that the servant could not recover for injuries from a defective apparatus unless the defendants knew or ought to have known of the defect, and the servant had not equal means of knowledge, is erroneous.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial.   George H.. Bahrs, Judge.

The facts are stated in the opinion of the court.

Gunnison, Booth & Bartnett, and H. W. Hutton, for Appellants.

F. J. Castlehun, George W. Chamberlain, and H. L. Joachimsen, for Respondent.

TEMPLE, J.—This appeal is from an order refusing a new trial. The action is for damages for personal injuries, and plaintiff recovered a verdict for two thousand dollars.

The first point made relates to the sufficiency of the complaint, which was not demurred to.

Plaintiff was employed by the defendants upon a schooner which was engaged in carrying freight in the coasting trade, its usual run being between San Francisco and Iverson's Landing in Mendocino county, and it was while on its voyage from San Francisco that plaintiff was injured. The complaint charges "that it was the duty of defendants to supply the schooner with good, safe, and strong ropes, tackle, and sailing apparatus, but that the defendants, disregarding their duty in that behalf, provided and used an old, worn-out, rotten, and defective reefing pennant with which to reef the mainsail, of which they had notice." And while, in proper obedience to orders, plaintiff "was assisting in reefing the mainsail in the usual and proper way, by pulling at the reefing pennant in the usual and proper way, the said reefing pennant broke." And "when said reefing pennant broke, as above stated, plaintiff fell backward from the roof of the cabin," and was injured. The point of these objections to the complaint, so far as they seem to have any force, is that it is not averred that the rope broke because it was defective, or that the breaking of the rope caused plaintiff to fall. It is alleged that the rope was defective and broke, and that when it broke plaintiff fell. No causal relation between these facts and occurrences is alleged.

The criticism upon the complaint is just, and, if the points had been made upon a special demurrer, would have been sus-

tained. But after verdict the pleading must be deemed sufficient to support the judgment.

The case of *Smith v. Buttner*, 90 Cal. 95, is not authority for the defendants. In that case the court granted a motion, made by the defendant for judgment upon the pleadings, which motion was based upon the proposition that the complaint did not state a cause of action. The action was by a tenant against her landlord. She charged that her landlord failed to provide a proper entrance to the house, and, in endeavoring to pass over it, without any lack of due care on her part, she was injured. If her injury resulted from the fact that the premises were out of repair, and she knew of the improper condition of the premises, her remedy was to act under sections 1941 and 1942 of the Civil Code. The house was being raised while she occupied it, and the complaint did not show that the injury resulted from the work being done.

Plaintiff contended that the reefing pennant was rotten and that it broke, to his injury, and that in this respect defendants failed in their duty as his employers to provide safe appliances with which to do his work. These positions were controverted by the defendants, who, against the protest of plaintiff, induced the court to submit to the jury certain special issues upon which the jury found, in addition to their general verdict, in favor of plaintiff.

Some of these special issues refer solely to probative facts upon which the court was not bound to find, and the propriety of submitting such matters to the jury may be doubted. To these questions, however, in addition to the regular issues in the case, the evidence was addressed.

It is objected that the court erred in overruling defendants' objection to the question: "How can it be determined, Mr. Ericson, whether a rope has become rotten and unsound?" It is said this is not a proper subject for expert evidence. Opinion evidence is not always objectionable even from those who are not experts. The exceptions have been often noticed. Witnesses are constantly asked as to distances, as to conditions and manner, when the answers must necessarily consist in opinion. In this case one question in controversy was whether the defendants had been negligent in furnishing proper rope and

tackle. This depended to some extent upon the question whether the defect was discernible. The question might have been in different form, but it was proper to inquire whether the defect could have been discovered by the use of ordinary diligence, which was really what was done.

It is next contended that the court erred in allowing the witness to relate a conversation with the captain after the accident. The witness stated in response to the question that the captain examined the broken rope and said: "That looks pretty bad."

Plaintiff contends that this remark was part of the *res gestae*. But this view cannot be sustained. It was not a spontaneous remark made *dum fovet opus*, and a part of the occurrence, but a judgment pronounced after the event.

Nor was it a remark made by a servant or agent within the scope of his employment. The master of the vessel had no authority to make an admission of culpability for the owners of the ship after the event. A remark before the accident, showing that the master knew of the defects in the rope, would stand upon a different basis. This ruling was erroneous and may have been injurious.

Because there was other competent evidence tending to prove the same fact, and which would have been sufficient to sustain the verdict, does not show that the error was not prejudicial. It bore upon a controverted fact, and we cannot say how the jury would have determined the matter but for the testimony. It was important, and if the jury took the same view of it which counsel for plaintiff present here, they considered it an admission which bound the owners. I think this was prejudicial error which will necessitate a reversal.

Some further objections were reserved to rulings in regard to the admission of evidence. The propositions involved will not necessarily recur upon a retrial, and therefore they need not be considered.

Defendants complain of the failure of the court to give certain instructions asked by them. Quite a number of them have reference to the proposition that the owners were not insurers and were only bound to the use of reasonable diligence in providing proper appliances and in manning and rigging the ship. On all these points the jury were fully instructed, and the in-

structions given were as favorable to the defendants as they could have been. The other instructions asked were properly refused.

There would have been no excuse for instructing the jury, as requested, that if the plaintiff did not select a safe place to work he could not recover. There is no evidence which tends to show that he selected the place to do his work, but the contrary. If it was not safe, it was not his fault.

It would have been gross error in this case to have instructed the jury that when a machine not obviously dangerous has been in daily use for a long time, and has uniformly proved safe and efficient, its use may be continuous without imputation of negligence. A similar proposition may be maintainable when some particular device or pattern is compared to another which it is claimed affords a greater degree of safety; but, when it has reference to a particular instrument, it cannot be a proposition of law, and, as an argument, it seems absurd.

If possible, it would have been still worse had the court given the instruction that plaintiff could not recover unless defendants knew, or ought to have known, of the defect, and the plaintiff had not equal means of knowledge. The employee is not required to use any degree of care or diligence to discover defects. He will be held to have assumed the risk only when he knew, and will be held to have known when the defect was so obvious that he must have known or simply refused to open his eyes and see; or, when he was put upon inquiry by some discovery or suggestion of danger which it was gross carelessness for him to neglect. In *Magee v. North Pac. Coast R. R. Co.*, 78 Cal. 437, 12 Am. St. Rep. 69, this court said: "It has been often said that the master is not liable for defects in such things to a servant whose means of knowledge thereof were equal to those of the master. But this is an erroneous statement. The master has no right to assume the servant will use such means of knowledge, because it is not part of the duty of the servant to inquire into the sufficiency of these things. The servant has a right to rely upon the master's inquiry because it is the master's duty so to inquire, and the servant may justly assume that all these things are fit and suitable for the use which he is directed to make of them."

Defendants charge that some of the findings of the jury in the special verdict are entirely unsupported by the evidence. As a new trial is awarded on other grounds, this proposition need not be considered.

The order is reversed, and a new trial awarded.

Henshaw, J., and McFarland, J., concurred.

Hearing in Bank denied.