[L. A. No. 3034.    Department One.—May 3, 1913.]

## WILL H. GREEN, Respondent, v. THOMAS H. B. VAR-NEY and VAL COSTELLO, Appellants.

NEGLIGENCE—SAFE PLACE TO WORK—BILL-BOARD SIGN—GIVING WAY
OF HOOK SUPPORTING STAGING—EVIDENCE—ASSUMPTION OF RISK—
CONTRIBUTORY NEGLIGENCE.—In an action by a "bill-board" sign
painter, to recover damages for personal injuries sustained by him
as the result of the giving way of a hook attached to the top of
the bill-board and supporting a staging on which he was at work
at the time of the injury, the evidence is held sufficient to support
the conclusion of the jury that the board to which the hook was
attached was defective and rotten, and that this was the real cause
of the breaking of the board and the giving way of the hook,
rather than the absence of "stringers" on certain parts thereof, and
that the plaintiff neither knew nor was guilty of want of ordinary
care in not knowing that such was the condition of the board.
Under these circumstances, it cannot be held as matter of law either
that the plaintiff is precluded from recovery by reason of assump-
tion of the risk or that he was guilty of contributory negligence.

ID.—INSTRUCTION—ASSUMPTION OF INCREASED RISK DUE TO NEGLI-
GENCE OF EMPLOYER.—In such action, it was not erroneous to sub-
stantially instruct the jury that the ordinary risks of his employ-
ment assumed by an employee did not include such increased risk
as was caused by the negligence of the employer to perform some
duty that he owes to the employee, if in other instructions they
were fully instructed as to the necessity of such increased risk
being unknown to the employee.

ID.—DEFECTS IN PLACE OF WORK—INSTRUCTIONS REVIEWED.—Certain
instructions given by the court upon the subject of the duty of an

employee in the matter of discovering defects in the place of work, rendering the same unsafe, are reviewed and held not to be in conflict.

ID.—EMPLOYEE DIRECTED TO WORK AT PARTICULAR PLACE—OBVIOUS DEFECTS—INVESTIGATION AS TO DEFECTS NOT OBVIOUS.—While an employee, who is simply directed to do a certain thing at a certain place, and who has no duty in connection with the preparation of the place, cannot be held ignorant of defects that are so obvious that, under the circumstances, he must have known or simply failed to give ordinary attention to his surroundings, he may rightfully assume, in the absence of information to the contrary, that the employer has in other respects discharged his duty of reasonable care to furnish him a safe and proper place wherein to work, and that the place furnished is reasonably safe and secure. He is not called upon to make investigation for such defects as are not so obvious, unless he has been put upon inquiry by some discovery or suggestion which it was negligent for him to pay no attention to.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

M. E. C. Munday, Bernard Silverstein, and Hamilton A. Bauer, for Appellant.

E. B. Drake, for Respondent.

ANGELLOTTI, J.—This is an action for damages for personal injuries suffered by plaintiff, an employee of defendant Varney, alleged to have been suffered by plaintiff by reason of the negligence of his employer and defendant Costello, the employer's superintendent. The case was tried by a jury, which rendered a verdict in favor of plaintiff in the sum of $1,514.75. Judgment was entered in favor of plaintiff upon such verdict. This is an appeal by defendants from the judgment.

In support of the verdict and judgment, the evidence must be considered here in the light most favorable to plaintiff, and all conflicts in the evidence must be resolved in his favor.

Plaintiff, a man of twenty-six years of age, was a painter, and had been in the employ of Mr. Varney as such for several years, doing "bill-board" painting. He had nothing to do with the construction of the sign boards upon which he was

called to work. On the day of the accident, July 11, 1910, he was instructed by the foreman, Costello, to take a man named Carnes with him, and put a coat of paint on a large sign at Dominguez Junction. This sign was about seventy-five feet long and about twenty feet high, and was made of boards attached together by strips nailed on the back, and in order to paint it over, it was necessary to use a sort of a staging, which consisted of a board suspended by two hooks from the top of the sign. The sign was one that had been used in another place, and that had been removed to Dominguez Junction. Plaintiff proceeded to comply with the directions given him. He adjusted the staging, apparently placing the hooks in such a manner that they would sustain the staging with himself and his fellow workman thereon if the top board had not broken or given way. He had nearly completed his work, the staging having been pulled up as nearly to the top as it would go, when one of the hooks came out through the board to which it was attached, pulling down through the plank several inches before it came out. The result was that one end of the staging dropped, precipitating plaintiff to the ground.

The theory of plaintiff's case was that defendants negligently failed to furnish him a safe place in which to work, it being alleged that the sign "was defectively constructed," and that some of the boards thereof were rotten. The claim of plaintiff's counsel is that the evidence warrants a conclusion that the real cause of the accident was that the board to which the hook was attached was rotten. It appears from the evidence of the foreman of Mr. Varney's construction department, given on behalf of the defendants, that the carpenters had not finished the work of reconstructing the sign at Dominguez Junction at the time of this accident, in that they had failed to put "stringers" on certain portions of the sign, and this witness testified substantially that it was dangerous to suspend the staging in the manner in which it was suspended, in the absence of such stringers. There is no claim in appellants' brief that plaintiff was furnished with a safe place in which to do the work he had been directed to do, or that defendants were not guilty of negligence in that regard, and the only claim made by counsel for appellants in regard to the evidence is that it shows that plaintiff knew

as much of the dangerous condition of the sign as did the defendants, assumed all the risks in attaching the staging as he did, and was guilty of contributory negligence.

We are of the opinion that the evidence of the plaintiff furnishes sufficient support for a conclusion on the part of the jury that the board to which the hook that gave way was attached was defective and rotten, that this was the real cause of the breaking of the board and the giving way of the hook, rather than the absence of "stringers" on certain parts thereof, and that plaintiff neither knew nor was guilty of want of ordinary care in not knowing that such was the condition of the board. Under these circumstances it cannot be held as matter of law either that plaintiff is precluded from recovery by reason of assumption of the risk or that he was guilty of contributory negligence. The evidence was of such a nature that the case was one for the jury and trial court upon both these points.

In view of what we have said there is no good basis for the claim that the jury disregarded the instruction given by the court that if they believed from the evidence that the plaintiff was guilty of a want of ordinary care, and that such want of ordinary care was the proximate cause of the injury, he could not recover.

We see no force in defendant's claim that plaintiff's instruction No. 9 was erroneous. It substantially told the jury that while an employee assumes the "ordinary risks" of his employment (Civ Code, sec. 1970), this does not mean that he assumes such increased risk as is caused by the negligence of his employer, such as a risk caused by the negligence of the employer to perform some duty that he owes to the employee, which duties were defined in other instructions. This is undoubtedly the law, in the absence of knowledge, actual or imputed, by the employee, of any increased risk due to the negligence of the employer, a matter as to which the jury was fully instructed in another instruction given by the court.

The only remaining point made by defendants for reversal is that there was a conflict in certain instructions given by the court upon the subject of the duty of the employee in the matter of discovering defects in the place of work, rendering the same unsafe. The instructions referred to in defendants'

brief are plaintiff's requested instructions 11 and 12, and defendants' instruction 4. In so far as it may fairly be claimed that there is any conflict, we think that defendants' instruction 4 was too favorable to defendants, and that plaintiff's instructions 11 and 12 fairly stated the law on the subject covered thereby. The rule in regard to an employee who is simply told to do a certain thing at a certain place, and who has no duty in connection with the preparation of the place, which was the situation of the plaintiff with reference to the sign board involved herein, was stated by this court in *Silveira* v. *Iversen,* 128 Cal. 192, [60 Pac. 687]. While such an employee cannot be held ignorant of defects that are so obvious that, under the circumstances, he must have known or simply failed to give ordinary attention to his surroundings, he may rightfully assume, in the absence of information to the contrary, that the employer has in other respects discharged his duty of reasonable care to furnish him a safe and proper place wherein to work, and that the place furnished is reasonably safe and secure; and therefore he is not called upon to make investigation for such defects as are not so obvious, unless he has been put upon inquiry by some discovery or suggestion which it was negligent for him to pay no attention to. The plaintiff's instructions that are complained of, fairly considered, had only to do with the subject of knowledge and affirmative investigation on the part of plaintiff in the matter of defects that were not so obvious, and we do not think that they could have been understood by the jury in any other sense. The jury was elsewhere substantially instructed that the plaintiff must be assumed to have known those things which "he could know by the ordinary exercise of his faculties," that an employee working as was this plaintiff "must exercise his faculties for his own protection," and that "the law will not excuse a person in failing to make such use of his faculties as will enable him to discover plain and obvious dangers," and there could have been no misunderstanding on the part of the jury in this regard.

The judgment is affirmed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.