[Civ. No. 1640.  First Appellate District.—April 27, 1916.]

ALBERT ANDERSON, Respondent, v. MONTICELLO STEAMSHIP COMPANY (a Corporation), Appellant.

NEGLIGENCE—INJURY TO SAILOR FROM DANGEROUS HEAVING LINE— LIABILITY OF OWNER OF VESSEL.—The owner of a vessel is liable in damages for personal injuries received by a sailor employed on the vessel from being struck by the sharp point of a steel spike in the end of a heaving line which was thrown ashore to him for the purpose of mooring the vessel, where it is shown that such line was not made up according to custom by the members of the crew from larger coils of rope supplied to them for that purpose, but was one furnished by the owner to the plaintiff and his fellow-employees at the time they entered its service.

ID.—MASTER AND SERVANT—DUTY TO FURNISH SAFE APPLIANCES.—It is the duty of the employer to furnish reasonably safe and suitable appliances for the use of his employees in the particular service in which they are engaged, and to keep such appliances in a reasonable state of repair.

ID.—DANGER OF EMPLOYMENT NOT ASSUMED.—In an action to recover damages for such injuries it cannot be contended that the plaintiff assumed the risk incident to the appliance, where it is shown that the nature of its defect and danger of its use were not obvious, and that

the plaintiff had never in fact been called upon to perform the particular duty which either required the use by himself, or exposed him to the danger incident to the use by others, of the heaving line.

ID.—DISCOVERY OF DEFECTS—STATUS OF SERVANT.—A servant is not required to use any degree of care or diligence to discover defects in an apparatus which are not obvious, and he will be held to have assumed the risk only where he knew, and will be held to have known only when the defect was so obvious that he must have known or simply refused to open his eyes and see, or when he was put upon inquiry by some discovery or suggestion of danger which was gross negligence for him to neglect.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. W. M. Conley, Judge presiding.

The facts are stated in the opinion of the court.

Raymond Benjamin, and Stanley Moore, for Appellant.

H. W. Hutton, for Respondent.

RICHARDS, J.—This is an appeal from a judgment and order denying a new trial.

The plaintiff was a sailor employed on a vessel of the defendant named ''Arrow,'' carrying freight and passengers between San Francisco and Vallejo. The plaintiff entered upon this employment on February 5, 1911. On the night of March 12, 1911, he was sent ashore at Vallejo for the purpose of catching a heaving line to be thrown to him from the vessel, and which was attached to the hawser with which it was about to be moored at the defendant's wharf. The end of the heaving line which was to be cast ashore had in it an iron or steel spike about a quarter of an inch in diameter and about six inches long, around which the rope was wound and knotted in such a manner as to leave a small portion of the sharp end of the spike exposed. When the plaintiff had gone ashore and had signified to one of his fellow-employees on the vessel as to about where he was the line was thrown in his direction, when the end of it in which was this spike struck the plaintiff, the sharp point of the spike penetrating one of his eyes and destroying the sight thereof. The evidence in the case disclosed that this particular heaving line was a part of the equipment of the vessel at the time the defendant's em-

ployment began, but that he had never seen or used it before, this being the first time he had been called upon to perform the particular duty in the course of which he was injured.

The plaintiff recovered judgment for the sum of $1,621 and his costs, and from such judgment, and the order denying a new trial, the defendant prosecutes this appeal.

The evidence in the case discloses that it was the custom of the defendant from time to time to have its heaving lines made up as needed, the work of preparing them for use being done by the sailors under the direction of the master. The evidence also sufficiently discloses, and the court found, that the heaving line with which the plaintiff was struck and injured was not a reasonably safe or suitable appliance for the purpose for which it was used; that while the ends of heaving lines which are to be thrown ashore in the direction where the sailor who is to catch or lay hold of them is supposed to be standing, have their heaving end sometimes weighted with bags of sand or knots made out of their own material, or even with pieces of lead completely inclosed within the folds of such knots, such lines so prepared are reasonably harmless, while the particular line used on this occasion, and having in its heaving end the exposed sharp point of an iron or steel spike, was unusual and dangerous to any person liable to be struck by it in the course of heaving it ashore. The evidence also shows that heaving lines are a part of the appliances usually furnished by the owners of such vessels for the use of their employees, and that this particular heaving line was one of such appliances furnished by the defendant to the plaintiff and his fellow-employees at the time they entered its service.

It is no longer necessary to cite authorities to the proposition that it is the duty of the employer to furnish reasonably safe and suitable appliances for the use of his employees in the particular service in which they are engaged, and to keep such appliances in a reasonable state of repair. The first of these duties was not done by the defendant in the case at bar. Whatever may have been the custom of having its heaving lines made up from time to time by the members of the vessel's crew from larger coils of rope supplied them for that purpose, the defendant can derive no comfort from it in this case, since the undisputed evidence shows that this particular heaving line was not made up either by the plaintiff or by

any of his fellow-employees, but was furnished by the appellant to them at the time of their employment. Neither can it be contended that the plaintiff assumed the risk incident to this appliance, for two reasons: first, the nature of its defect and danger of its use were not obvious; second, the plaintiff had never in fact been called upon to perform the particular duty which either required the use by himself, or exposed him to the danger incident to the use by others, of this heaving line. The rule declared in the case of *Silveira* v. *Iversen*, 128 Cal. 187, [60 Pac. 687], is applicable to the facts of this case: "The employee is not required to use any degree of care or diligence to discover defects; he will be held to have assumed the risk only where he knew, and will be held to have known only when the defect was so obvious that he must have known or simply refused to open his eyes and see; or when he was put upon inquiry by some discovery or suggestion of danger which was gross negligence for him to neglect." And in the case of *Magee* v. *North Pacific Coast R. R. Co.*, 78 Cal. 430, 437, [12 Am. St. Rep. 69, 21 Pac. 114], the court says: "It has often been said that the master is not liable for defects in such things to a servant whose means of knowledge thereof were equal to those of the master. But this is an erroneous statement. The master has no right to assume that the servant will use such means of knowledge, because it is no part of the duty of the servant to inquire into the sufficiency of these things. The servant has a right to rely upon the master's inquiry because it is the master's duty so to inquire, and the servant may justly assume that all these things are fit and suitable for the use which he is directed to make of them."

The appellant undertakes to avoid the application of these principles to the case at bar by the contention that this heaving line was in the nature of a small appliance, such as the minor tools of an employment, about the condition of which from their familiar use the employee knows more than the employer; but the evidence does not sustain this view. There were several of these heaving lines upon the vessel, but they were in use only when making landings, and that often at night, as in the case at bar. Moreover, they performed an essential function in the operation of bringing a vessel to the dock, and in their way were as important an appliance as the hawser itself.

Considerable space is devoted in the briefs of respective counsel to the discussion of the duty of inspection resting upon the defendant in the case at bar; but we do not deem this subject germane to the question before us, for the reason that the nature of the appliance was such that its defect and danger were inherent in its construction, and were present at the time of the plaintiff's employment, and would not be increased or diminished by use; and while these might have been discovered by a proper inspection on the part of the defendant, its original negligence in supplying the defective and dangerous appliance would not be either added to or lessened by making or omitting an inspection.

The final contention of the appellant is that the plaintiff was guilty of contributory negligence at the time of the accident by coming out from behind a pier where he had been standing at the moment the heaving line was thrown. But upon this subject the evidence is conflicting, and the finding of the trial court will not for that reason be disturbed.

We are of the opinion also that the evidence as a whole is sufficient to sustain the findings and conclusions of the court, and we discover no error which would justify a reversal of the case.

Judgment and order affirmed.

Lennon, P. J., and Kerrigan, J., concurred.