[No. 12799. In Bank.—November 26, 1890.]

86 445
96 206

MARY MADDEN, Administratrix, etc., Appellant, *v.* OCCIDENTAL AND ORIENTAL STEAMSHIP COMPANY, Respondent.

Pleading — Amended Complaint — Waiver of Demurrer. — Where the plaintiff files an amended complaint, any error of the court committed in ruling upon a demurrer to the original complaint is waived.

Negligence — Breaking of Rope — Evidence — Nonsuit — Action for Death. — In an action for damages for the death of plaintiff's husband, claimed to have resulted from the negligence of the defendant, where it appears that the decedent was employed by defendant in loading defendant's ship, and while so employed the rope-sling, by which freight was being carried into the ship, broke, precipitating freight down the hatchway, thereby fatally injuring the deceased, negligence on the part of the defendant will not be inferred from the mere breaking of the rope, in the absence of evidence tending to show that it was being properly used by the co-employees of the deceased, and in the usual manner, at the time of the accident, or what amount of freight it was intended to or should carry; and a nonsuit is properly granted, where the breaking of the rope and the injury resulting in the death were the only facts proved.

Id. — Insufficiency of Machinery — Accident — Prima Facie Evidence — Manner of Use. — The rule that the occurrence of an accident is *prima facie* evidence of insufficiency of the machinery or appliance being used, if conceded to be the correct rule, only applies where the machinery or appliance is shown to have been used in the usual and proper way, at least where the same is being used by the party injured, or his co-employees.

New Trial — Newly Discovered Evidence — Nonsuit. — Where judgment was rendered for defendant upon a nonsuit of the plaintiff, and the evidence set out in affidavits in support of a motion for a new trial upon the ground of newly discovered evidence does not supply the facts necessary to make out or tend to strengthen the plaintiff's case where it lacked support, a motion for a new trial upon such ground is properly denied.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Taylor & Craig*, for Appellant.

*W. H. L. Barnes*, for Respondent.

WORKS, J. — This is an action by the appellant against the respondent for damages for the death of her husband, claimed to have resulted from the negligence of the appellant. The deceased was the employee of the respondent, engaged in loading one of its ships.

The amended complaint alleges: "That on the eighteenth day of October, A. D. 1886, the said Patrick Madden was an employee of the said defendant, employed by it and for it, on the lower deck next above the lower hold of the ship Belgic (one of said ships), at the mail dock or wharf in the said city and county of San Francisco, as a laborer, assisting to load said ship by stowing cargo; that on the said eighteenth day of October, A. D. 1886, and while said Patrick Madden was engaged at said work, on said lower deck of the ship, as such laborer, four bales of cotton goods, each bale firmly packed so as to form a solid body, weighing from about 180 to 250 pounds avoirdupois, were, by means of a sling manufactured of rope, hoisted and worked by block and tackle and operated by steam-power, transferred from said dock or wharf to the main-deck of said ship, at the hatchway known and designated as hatchway No. 5, the said sling, block, and tackle being parts of the machinery and appliances provided by the defendant for the use of its laborers employed by it in the business and work of loading said ship Belgic; that said four bales should have been, by means of said machinery and appliances, carefully lowered to and stowed on said lower deck of said ship, but because of the insecurity and unsuitableness of said sling, and because of the negligence of the defendant in failing to provide and maintain a safe and suitable sling, which insecurity, unsuitableness, and negligence were unknown to or by said Patrick Madden, said sling parted, and two bales of cotton were violently precipitated from the main-deck of said ship, down said hatchway No. 5, to the place on said lower deck, where said Patrick Madden was engaged in his work, a

distance of from eighteen to twenty feet below said main-deck, and one or both of said two bales, containing cotton cloth, as aforesaid, violently struck the said Patrick Madden, without his fault or negligence, producing a fracture of the cervical *vertebra*, which pressed on the spinal cord, and also producing an injury of the chest and a fracture of some of his ribs, and said Patrick Madden was thereby otherwise greatly bruised and injured; and also, by means of the premises, the said Patrick Madden became and was sick, sore, lame, and disabled, and so remained and languished for the space of four days, and until the twenty-second day of October, A. D. 1886, when, by reason and as the result of said injuries, and by reason of the premises and of the negligence of the defendant, the said Patrick Madden died."

These allegations of negligence were denied by the answer. The cause was partially tried, and upon the evidence of the plaintiff a nonsuit was granted. A motion for a new trial was made and denied, and the plaintiff appeals.

It is contended that the court below erred in sustaining a demurrer to the original complaint. But the plaintiff did not stand upon her original complaint, but filed an amended one, whereby she waived any error of the court in ruling upon such demurrer, if any error was committed.

The nonsuit was properly granted, for the reason that there was no evidence of negligence on the part of the defendant. It was shown that the rope-sling, by which freight was being carried into the ship, and lowered through a hatchway to the lower deck, broke, whereby two bales of freight were precipitated down such hatchway, and that the deceased was thereby fatally injured, as alleged in the complaint. But there was no evidence showing, or tending to show, that the sling thus used was unsuitable or insecure, as alleged in said complaint, unless the mere proof that the sling broke was *prima facie* evidence of the fact.

It is contended by counsel for the appellant that it was only necessary for her to prove that the sling broke, and that, from such proof alone, it must be inferred, in the absence of any evidence on the part of the defendant tending to show that the accident occurred from other causes, that the accident was the result of the neglect of the defendant to furnish a proper sling. It may be that in some cases it would be sufficient to prove that an accident occurred, in order to establish a *prima facie* case of negligence, and cast upon the defendant the burden of explaining away the inference resulting from such proof; and it may be conceded that such would have been the case here, if it had been shown that the sling was being properly used by the co-employees of the deceased, and in the ordinary way.

It might be said that if a railroad train were being properly and carefully run and operated, and that, notwithstanding, some part of the machinery broke, and an accident occurred, negligence would be inferred. (*Griffin* v. *Railroad Co.,* 148 Mass. 143.) But, as was said in the case cited, "no general rule can be laid down that the mere occurrence of an accident is or is not sufficient proof of the actionable negligence; for each case must depend upon its own circumstances." In this case there is no evidence as to what amount of freight this sling was intended to or should carry, or that it was being properly used at the time of the accident. It may have been intended to carry a weight of five hundred pounds, and may have been entirely sufficient to carry such a weight, and, for aught we can tell from the evidence before us, it may have been overloaded, and the accident have happened from that cause alone. When it is said in some of the cases that the occurrence of an accident is *prima facie* evidence of insufficiency of the machinery or appliance being used, it must be confined to cases, if the rule is conceded to be the correct one, where the machinery or appliance is shown to have been used in

the usual and proper way, at least where the same is being used by the party injured, or his co-employees. This was not shown in this case, and therefore the rule contended for does not apply here.

A certain question asked by the defendant was objected to by the plaintiff, and the objection overruled. This is complained of. But as the question did not in any way relate to or affect what we regard as the proper reason for granting the nonsuit, the ruling was harmless, conceding that it was erroneous. One of the grounds for the motion for a new trial was newly discovered evidence, and certain affidavits in support of this ground are set out in the record. The evidence set out in these affidavits does not supply the facts necessary to make out the plaintiff's case, or tend to strengthen her case where it needs support.

Therefore the motion for a new trial on this ground was properly denied.

PATERSON, J., McFARLAND, J., FOX, J., and SHARPSTEIN, J., concurred.

Rehearing denied.