[No. 14332. Department One. —August 10, 1891.]

GEORGE BRYMER, APPELLANT, *v.* SOUTHERN PACIFIC COMPANY, RESPONDENT.

NEGLIGENCE — MASTER AND SERVANT — MACHINERY — DEFECTIVE APPLIANCE. — The law imposes on a master or employer only the obligation to use reasonable and ordinary care, skill, and diligence in procuring and furnishing suitable and safe machinery and appliances for the servant to perform the duties for which he is engaged; and when an employer exercises all the care and caution which a prudent man would ordinarily take for the safety and protection of his own person under the same circumstances, he cannot be held liable for the consequences of a defect in the machinery or appliances used.

ID. — KNOWLEDGE OF DEFECT. — The employer is liable only when he had knowledge of the defect, or failed to exercise reasonable diligence in procuring suitable machinery, or in the inspection of it to discover any defect that might exist.

ID. — BREAKING OF CHAIN — PRESUMPTION. — Where a servant was injured by the breaking of a chain used in raising a derailed and wrecked car, the mere fact of the breaking of the chain is not sufficient to authorize any inference or presumption that the master had failed to exercise reasonable care in its selection.

ID. — INSTRUCTION — "ACCIDENT." — The use of the word "accident," in an instruction embodying the rule of law that no presumption of negligence arises from the breaking of such chain, would not justify the court in refusing the instruction.

ID. — INSTRUCTIONS — APPLICABILITY TO ISSUES — APPEAL — REVIEW OF ORDER GRANTING NEW TRIAL. — Where the pleadings tendered issues both as to the defects of the machinery used, and as to alleged negligence of the defendant's superintendent, it is proper to instruct the jury as to the law applicable to each of the issues, and if there is any evidence on the subject of such defects, and there is nothing in the record to show on which issue the jury found their verdict, an order granting a new trial for refusing to give proper instructions upon the law as to defective appliances will be affirmed.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial.

The facts are stated in the opinion of the court.

*Frederic Stanford*, for Appellant.

*John D. Bicknell*, for Respondent.

PATERSON, J. — Appellant received bodily injuries while engaged with others in the employ of defendant, under the directions of a superintendent, in raising a derailed and wrecked car. He alleged that the injury occurred through the use of inadequate, inappropriate, insecure, and defective appliances furnished by defendant without proper care and caution in the selection thereof, and through the negligence and unskillfulness of the superintendent who was engaged in directing the work on behalf of defendant.

The defendant asked the court to give the following instruction, which was refused: —

"As respects the duty of a master or employer toward

XC. CAL.—32

his servant or employee in his service, the court instructs the jury as a matter of law that the master or employer is not bound to provide machinery or appliances which are absolutely safe. The law imposes on the master or employer only the obligation to use reasonable and ordinary care, skill, and diligence in procuring and furnishing suitable and safe machinery and appliances for the servant to perform the duties for which he is engaged. The master does not stand in the relation of an insurer to the servant against injury, and can only be held chargeable when negligence can be properly imputed to him. The mere fact that an accident occurred by which the plaintiff was injured does not fix the liability, or even raise a presumption that the defendant was at fault in providing machinery or appliances for the labor in which the plaintiff was engaged."

The defendant moved for a new trial, and the motion was granted on the ground that the court had erred in refusing to give the instruction above quoted.

We think the instruction ought to have been given.

When the employer exercises all the care and caution which a prudent man would ordinarily take for the safety and protection of his own person under the same circumstances, he cannot be held liable for the consequences of a defect in the machinery or appliances used. This is the sense in which the expression "reasonable and ordinary care, skill, and diligence in procuring and furnishing suitable and safe machinery and appliances" was used in the instruction asked, as we understand it; and is equivalent to the rule as stated in many of the authorities; viz., that the employer is liable only when he had knowledge of the defect, or failed to exercise reasonable diligence in procuring suitable machinery, or in the inspection of it to discover any defect that might exist. (*Bajus* v. *Syracuse etc. R. R. Co.*, 103 N. Y. 312; 57 Am. Rep. 723; *Lake Shore etc. R. R. Co.* v. *McCormick*, 74 N. Y. 440; *Devlin* v. *Smith*, 89 N. Y. 470; 42 Am. Rep. 311;

*Payne* v. *Reese*, 100 Pa. St. 301; *Hobbs* v. *S'auer*, 62 Wis. 108; *E. St. L. P. & P. Co.* v. *Hightower*, 92 Ill. 139; *Atchison etc. R. R. Co.* v. *Ledbetter*, 34 Kan. 326; *Cagney* v. *Hannibal etc. R. R. Co.*, 69 Mo. 416; *Smoot* v. *Mobile etc. R. R. Co.*, 67 Ala. 13; *Little Rock etc. R. R. Co.* v. *Duffey*, 35 Ark. 602.) And our code establishes the same rule: "An employer must in all cases indemnify his employee for losses caused by the former's want of ordinary care." (Civ. Code, sec. 1971.)

The use of the word "accident," in the instruction, is not obnoxious to the criticism put upon it by appellant. The court meant to say, simply, that the mere fact that the chain broke would not authorize the inference that the defendant had failed to exercise reasonable care in the selection of the appliances used. Such is the fair import of the word as used, and the jury must have so understood it.

It is claimed that no prejudice could have resulted from the refusal of the court to give the instruction, inasmuch as there was no evidence on the question as to whether the appliances used were defective. We cannot say, however, that there was no evidence on the subject, and there is nothing in the record to show whether the jury believed the injury was due to defects in the machinery used, or to the negligence of the superintendent. The plaintiff tendered both issues, neither was withdrawn, and it was proper to instruct the jury as to the law applicable to each of them.

The views expressed render it unnecessary for us to consider the effect of the statement, found in the order of the court granting a new trial, that "no other grounds assigned by defendant for the granting of a new trial are well taken."

The order is affirmed.

Harrison, J., and Garoutte, J., concurred.

¬earing in Bank denied.