[L. A. No. 1309.   Department One.—October 2, 1905.]

# TOBIAS THOMPSON, Appellant, v. CALIFORNIA CON-STRUCTION COMPANY, Respondent.

MASTER AND SERVANT—SAFE PLACE FOR WORK—DUTY OF MASTER—ORDINARY CARE.—The duty of an employer to furnish to an employee a reasonably safe place in which to work is not absolute. His duty is fulfilled when he exercises ordinary care for that purpose.

ID.—ERRONEOUS INSTRUCTION — NEW TRIAL — COUNTER INSTRUCTION — DISCRETION.—It cannot be said that the superior court abused its discretion in granting a new trial for an erroneous instruction as to the duty of the employer, although a counter instruction was given which may have cured the error. Much is committed to the discretion of the trial court in granting a new trial on such ground.

ID.—LIMITED GROUND FOR NEW TRIAL—REVIEW UPON APPEAL—ERROR IN REFUSING NONSUIT.—The action of the trial court in limiting the ground for granting a new trial to the erroneous instruction does not restrict this court in examining the record to ascertain any other ground for granting a new trial, except the sufficiency of the evidence where it is conflicting. Where one of the grounds for a new trial was the denial of a motion for a nonsuit, urged because no actionable negligence of the defendant was shown, and which it appears should have been granted, the order granting a new trial will be affirmed for error in refusing the nonsuit.

ID.—INJURY IN QUARRY — BLASTING FROM CLIFF — SLIDING OF ROCK — CHANGING CONDITIONS—NEGLIGENCE NOT SHOWN—BURDEN OF PROOF. —Where the plaintiff was employed in a quarry, in which blasting was done from a high cliff, and in which the conditions of danger constantly changed as the work progressed, and was injured by the sliding of a rock upon him, and it is not shown that defendant or any one representing a master had any better means of knowledge of the danger than plaintiff, the mere fact that the rock slipped and caused the injury is not *prima facie* evidence of defendant's negligence. The burden is upon the plaintiff to show that the injury was due to defendant's negligence, and for want of proof thereof the nonsuit should have been granted.

ID.—LIABILITY OF MASTER — RULES APPLICABLE. — The rule that the master is not liable for dangers existing in the place where the servant is assigned to work, unless the master knows of the dangers or defects, or might have known thereof if he had used ordinary care or skill to ascertain them, applies with greater force where the conditions surrounding the place of work are constantly changing, owing to the progress of the work; and the rule is modified where the servant is under the same obligation as the master to look for dangers in the place of the work, and has equal facilities for

ascertaining them, and under these conditions continues the work, in which case the master is not liable for any injury caused by the dangers then existing, unless in some manner he urges or coerces the servant to continue the work, after he himself is aware, or should have been aware, of the danger.

ID.—ABSENCE OF PREVIOUS INJURY—PRESUMPTION NOT ESTABLISHED.— The fact that no one had been previously hurt by being in the way of sliding rocks, coming down in the ordinary course of blasting in a high cliff, does not establish any presumption that there was no danger therefrom, or that due care had been theretofore used, and does not establish, in the absence of evidence, that proper precautions to prevent the rocks from sliding were not taken by the defendant.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial. Waldo M. York, Judge.

The facts are stated in the opinion of the Court.

Kendrick & Knott, and Adcock & Reymert, for Appellant.

Herbert Cutler Brown, Graves, O'Melveny & Shankland, and Byron Waters, for Respondent.

VAN DYKE, J. — This was an action by an employee against the employer for damages on account of personal injuries received in a rock quarry in the possession and control of the defendant at the time of the injury. The verdict went for the plaintiff, and the defendant moved for a new trial upon various grounds assigned in his notice of motion therefor. The court below granted a new trial, and in doing so entered the following order: "Defendant's motion for a new trial is hereby granted upon the following specified ground, and upon no other, to wit: The court erred in instructing the jury as follows: 'It is the duty of the employer to furnish an employee with a reasonably safe place in which to do any work the employer shall require of the employee, and to keep that place reasonably safe, and the employee has the right to assume that the employer has performed that duty, and the employee is not required to use any degree of care or diligence to discover danger to which he shall be exposed by reason of the failure of his employer to do his duty, and the employee shall be held to have assumed the risk only when he knew, and will be held to have known only when the danger was so obvious that he must have known or simply neglected to open his eyes and see, or when he was put upon inquiry by some discovery or sug-

gestion of danger which it was gross carelessness for him to neglect.' '' From this order plaintiff appeals.

The latter clause of the instruction is taken, word for word, from the decision of this court in *Silveira* v. *Iversen,* 128 Cal. 192 [60 Pac. 687]. We express no opinion upon the question whether or not this part of the instruction was correct as applied to this particular case. The instruction in effect told the jury that the employer must furnish an employee with a reasonably safe place to work, without regard to the nature of the employment, and that ''the employee is not required to use any degree of care or diligence to discover danger to which he shall be exposed by reason of the failure of his employer to do his duty.'' The code declares the law on this subject as follows: ''The employer is not bound to indemnify his employee for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed, nor in consequence of the negligence of another person employed in the same general business, unless he has neglected to use ordinary care in the selection of the culpable employee.'' (Civ. Code, sec. 1970.) ''An employer must in all cases indemnify his employee for losses caused by the former's want of ordinary care.'' (Civ. Code, sec. 1971.) And, as correctly stated in *Rogers* v. *Central Pacific Ry. Co.,* 67 Cal. 601 [8 Pac. 377]: ''The code having thus established the rule by which to ascertain the liability of the employer to his employee, it is not within the province of the courts to depart from it.'' Where a man engaged in a lawful business exercises reasonable care, the law does not make him the insurer of others against those consequences of his actions which reasonable care and foresight could have prevented. The contrary rule would obviously be against public policy, because it would impose so great a restraint upon action as to materially check human enterprise. (*Rogers* v. *Central Pacific Ry. Co.,* 67 Cal. 601 [8 Pac. 377].) ''The law imposes on a master or employer only the obligation to use reasonable or ordinary care, skill, and diligence in procuring and furnishing suitable and safe machinery and appliances for the servant to perform the duties for which he is engaged.'' (*Brymer* v. *Southern Pacific R. R. Co.,* 90 Cal. 496 [27 Pac. 371].) The statement that it is the duty of the employer to furnish an employee with a reasonably safe place in which to work is

a defective statement of the law. The duty of the employer in this respect is not absolute. He is not required at all hazards to furnish a reasonably safe place. His duty is fulfilled when he exercises ordinary care for that purpose. In this respect the court in another instruction told the jury that if the defendant exercised such care as men of ordinary intelligence ordinarily exercise under like circumstances and conditions, taking into consideration the character of the work, then it had done all that was required of it and could not be held liable for the injuries received by the plaintiff. While this might have cured the instruction in the particular above stated, still we cannot say that the court below abused its discretion in granting the new trial upon this ground. Much is committed to the discretion of the trial court in considering such grounds for a new trial.

The action of the court below in limiting the ground upon which the new trial was granted does not restrict this court in its examination of the record for the purpose of ascertaining whether or not a new trial should have been granted, except as to the sufficiency of the evidence, where it is conflicting. (*Kauffman* v. *Maier*, 94 Cal. 276 [29 Pac. 481].) One of the grounds for a new trial was the denial of the motion of the defendant, made at the close of the plaintiff's evidence, for a nonsuit. This motion was made upon several grounds — among others, that the evidence failed to show actionable negligence on the part of the defendant proximately causing or contributing to the plaintiff's injuries. We think the motion for a nonsuit should have been granted. The evidence shows that the defendant was in control of a rock quarry in which the plaintiff was employed; that the business carried on was that of blasting rock out of a cliff of rock some fifty or sixty feet high, and loading large, irregular pieces of rock thus obtained upon cars standing at the foot of the slope upon which the rock lay; that this slope was composed of the rough pieces of rock, mingled with dirt from the soil above the stratum of rock; and that the process of loading consisted of fastening a chain around each rock, attaching it to a derrick, and thereby lifting the rock on the cars. At the time of the injury the plaintiff, with another workman, who seemed to be directing the plaintiff in his actions, was engaged in fastening the chain around one of

these large pieces of rock in order to attach it to the derrick. While he was stooping down trying to pass the chain under the rock, another rock situated on the slope above him slipped down upon him and caused the injury. The plaintiff had been engaged in the quarry for twenty-seven days prior to the injury, and during all that time the work of loading the rocks on the cars was continued. Part of the time he assisted in chaining rocks upon the slope where they lay after the blasting, and part of the time he was engaged in shoveling dirt. There is no evidence that the defendant or any of its agents or servants had any better knowledge or any better means of knowledge of the danger arising from the sliding of rocks down the cliff than that possessed by the plaintiff The plaintiff himself testifies that during the morning before he started to work he looked lots of times at the slope where the broken pieces of rock were lying and did not see anything lying loose, and that it looked all right; that, as he walked over to the place where he was to assist in chaining the rock, he looked up at the slope above and saw nothing lying loose. According to his testimony, the rock which came down upon him was at that time lying on the slope, some eight or ten feet above the rock which he was chaining, and there was nothing which attracted his attention to the fact that there was any danger that it would slide at that time and thereby injure him. It is manifest that upon the face of a quarry worked in the manner here indicated the conditions of danger must be constantly changing as the work progresses. There is nothing whatever to show that the defendant, or any of its servants in charge of the entire work or occupying the position of a master with respect to the plaintiff, had any better opportunities of ascertaining the conditions than the plaintiff. The rule applicable to such cases is that the master is not liable for dangers existing in the place where the servant is assigned to work, unless the master knows of the dangers or defects, or might have known thereof if he used ordinary care or skill to ascertain them. (19 Am. & Eng. Ency. of Law, p. 92.) This rule applies with greater force in cases where the conditions surrounding the place of work are constantly changing, owing to the progress of the work. The rule is further modified by the proposition that where the servant is under the same obligation as the master is to look

for dangers in the place of work, and has equal facilities for ascertaining them, and under these conditions continues the work, the master is not liable for any injury caused by the dangers thus existing, unless in some manner he urges or coerces the servant to continue the work after he himself is aware, or should have been aware, of the danger. (19 Am. & Eng, Ency. of Law, p. 130.) In a case such as that under consideration, where the dangers complained of may to some extent arise from the changes in conditions made by the servant himself in the progress of the work, he is under as much obligation as is the master to be on the lookout for such dangers. The plaintiff had the burden of proving that his injury was due to the negligence of the defendant. There was no evidence of such neglect other than the fact that the rock slipped down and caused the injury. Under the circumstances above stated, the mere happening of the accident is not *prima facie* evidence of neglect on the part of the master. That rule applies only in cases where, in the ordinary course of things, due care being used, such accidents do not happen. The plaintiff testified that during the time he was working in the quarry he had not seen any one injured from such causes as the sliding of rocks down the slope. This, however, does not prove that such accidents would not happen in the ordinary course of things. It is not the injury itself, but the happening of the causes which produce the injury, that must be absent in the ordinary course of things. There is no evidence that the sliding of rocks down the slope, or some portion thereof, was not a frequent occurrence during the progress of the work. It is almost self-evident that such things would occur in a case of a slope made by blasting rocks from a high cliff, and if that were the case the danger arising therefrom would be obvious to any one having knowledge of the situation such as he could obtain from the use of his own eyesight. The mere fact that no one had previously been hurt by being in the way of such sliding rocks does not establish any presumption that there was no danger or that due care had been theretofore used. There is no evidence that proper precautions to prevent the rocks sliding were not taken by the defendant. The motion for a nonsuit should have been granted upon the ground that it is not shown that the defendant was negligent with respect to the safety

of the place in which the plaintiff was at work at the time of the injury.

The order granting a new trial is affirmed.

Shaw, J., concurred.

ANGELLOTTI, J.—I concur in the judgment upon the ground that the court erred in denying defendant's motion for a nonsuit, and also concur in what is said in the opinion upon that point.

Hearing in Bank denied.