[Civ. No. 1006.  Second Appellate District.—February 11, 1913.]

# E. J. CAMPBELL, Appellant, v. SOUTHERN PACIFIC RAILWAY COMPANY (a Corporation), Respondent.

MASTER AND SERVANT—RAILROADS—ASSUMPTION OF RISK—INSTRUCTIONS.—In an action against a railway company by an employee to recover for personal injuries, instructions on the law of assumption of risks are properly refused where the pleadings and evidence raise no issue of assumed risk.

ID.—NEGLIGENCE OF MASTER—BURDEN OF PROOF TO SHOW.—The burden is on an employee, suing his employer for personal injuries, affirmatively to prove negligence on the part of the employer.

ID.—PRESUMPTION OF NEGLIGENCE FROM HAPPENING OF ACCIDENT.—A presumption of negligence on the part of an employer does not arise from the fact of injury to an employee in the course of his employment.

ID.—ROOF STRIKING EMPLOYEE ON RAILWAY CAR.—In this action by an employee against a railway company for injuries sustained, while descending from a passing car, by being struck by a roof alleged to have been negligently maintained too near the track, the evidence is sufficient to warrant the jury in finding against the defendant's negligence.

ID.—CONTRIBUTORY NEGLIGENCE—ERRONEOUS INSTRUCTIONS.—If no negligence of the defendant is shown in an action by an employee for personal injuries, erroneous instructions in reference to contributory negligence are not prejudicial to the plaintiff.

ID.—ASSUMPTION OF RISK—INACCURATE INSTRUCTIONS.—An inaccurate instruction on the law of assumption of risks is not prejudicial to an employee, in his action against his employer for personal injuries, where the pleadings and evidence raise no issue of assumed risk.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial.  N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Crouch & Crouch, for Appellant.

J. W. McKinley, and W. R. Millar, for Respondent.

ALLEN, P. J.—The action was one by an employee against his employer to recover damages on account of personal injuries. The complaint alleges that these injuries were occasioned through the negligent act of defendant in maintaining a roof so constructed that there was not a sufficient passageway between such roof and the car upon which plaintiff was employed, the result of which was that plaintiff, while in the performance of his duties, was struck by such roof and injured. The answer denied the allegations of the complaint, and, in addition, alleged that the injuries so sustained were occasioned on account of plaintiff's negligence which proximately contributed to such injuries. The action was tried by a jury, which returned a verdict for defendant. From the judgment rendered thereon, and from an order denying a new trial, plaintiff appeals upon a bill of exceptions.

The only evidence contained in the bill of exceptions on behalf of plaintiff is to the effect that plaintiff, having knowledge that the roof was beside the track always supposed that the same was far enough away to clear a man coming down the side of a passing car; that while descending from a passing car in the discharge of his duty he was struck by such roof and injured. The evidence set out as being received on behalf of defendant was that, while it did maintain the roof in question, there was provided a sufficient passageway between such track and said roof, and that the accident could not have happened to plaintiff in the manner claimed by him.

The errors assigned relate solely to the matter of instructions given and refused. The instructions refused were with reference to assumed risks. The record does not disclose any defense based upon a claim that the injuries were due to the ordinary risks of employment. This defense to be available must be pleaded. (*Lucid* v. *E. I. DuPont Powder Co.*, 199 Fed. 377; citing *Magee* v. *North Pac. C. R. Co.*, 78 Cal. 430, [12 Am. St. Rep. 69, 21 Pac. 114].) There being no issue in reference to assumed risks, and nothing appearing in the bill of exceptions to the contrary, it must be assumed that no evidence was admitted touching a matter not at issue. This being true, plaintiff was not entitled to instructions inapplicable to the case presented. The only evidence before us establishes a conflict as to defendant's negligence in the premises. In actions by an employee against an employer for

damages on account of negligence, it is incumbent upon the plaintiff to affirmatively prove negligence on the part of the employer. The mere proof of injuries received in the course of employment raises no presumption of negligence, as is the case where a passenger for hire is injured in the operation of the instrumentalities employed in his transportation. In so far as the evidence is presented by the bill of exceptions, there is to be found sufficient to warrant the jury in determining that no negligence of defendant was shown. If no negligence was established by a fair preponderance of the evidence, and the jury believed that the roof was so constructed as to permit a passageway thereunder and thereby without injury to those upon passing cars, and that no obligation or duty devolving upon defendant in its relation with plaintiff had been undischarged or unfulfilled, a verdict for the defendant was proper. It is claimed, however, that certain instructions with reference to contributory negligence were erroneous. If no negligence upon defendant's part was shown, the matter of contributory negligence became unimportant and charges with reference thereto could not be prejudicial. An examination of the instructions given upon the trial indicates a condition similar to that referred to in *Henderson* v. *Los Angeles Traction Co.*, 150 Cal. 689, [89 Pac. 976], wherein the supreme court, speaking through Mr. Justice Lorigan, has quoted with approval this rule: ''Where numerous instructions are given (as in this case) it may well be that some particular instruction fails to contain a complete or accurate statement of the law. If, however, when the entire charge is examined the omissions or inaccuracies in a particular instruction appear to have been supplied, and the jury fairly and consistently instructed, generally, as to the law, this is sufficient to defeat any claim of error predicated on defects in particular instructions.'' Appellant contends that certain instructions with reference to the assumption of risk were not entirely accurate, but, as we have before said, no issue with reference to assumed risks was made and no evidence is shown to have been received which would make applicable a charge in that regard, and we are unable to see how such a charge could have prejudiced plaintiff's rights.

21 Cal. App.—12

We are satisfied that, considering all of the instructions given, the record as presented contains no prejudicial error warranting a reversal of the judgment or order.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.