[S. F. No. 6162. In Bank.—February 8, 1915.]

## MICHAEL O'CONNOR, Appellant, v. ALEXANDER MENNIE, Respondent.

Negligence—Fall of Elevator—Allegation of Improper and Negligent Construction—Prima Facie Case Must Conform to Averments—Nonsuit.—In an action to recover damages for personal injuries resulting from the fall of an elevator on which the plaintiff was being carried, an allegation of negligence, in the complaint, based solely on the "improper and negligent construction" of the elevator, must be construed as meaning an improper and negligent condition of the elevator as it was at the time of the accident,—its unfitness at that time for the purpose for which it was intended and was being used. Under such a pleading, it was incumbent on the plaintiff to make a *prima facie* case of negligence in the respect averred, and if he did not present evidence from which the jury could legitimately infer negligence on defendant's part in this respect, a motion for nonsuit was properly granted.

Id.—Construction of Evidence on Motion for Nonsuit.—A motion for nonsuit admits the truth of plaintiff's evidence, and every inference of fact that can be legitimately drawn therefrom, and upon such motion the evidence should be interpreted most strongly against the defendant.

Id.—Evidence Must Amount to More Than Conjecture or Surmise.— In order to justify the submission of any question of fact to a jury, the proof must be sufficient to raise more than a mere conjecture or surmise that the fact is as alleged. It must be such that a rational, well-constructed mind can reasonably draw from it the conclusion that the fact exists, and when the evidence is not sufficient to justify such an inference, the court may properly refuse to submit the question to the jury.

Id.—Res Ipsa Loquitur—Meaning of Maxim—Application to Cases of Negligence.—The maxim *res ipsa loquitur* translated means simply, "the thing, or affair, speaks for itself," and, so speaking, authorizes the inference of negligence in the absence of a showing

to the contrary. As applied to cases of alleged negligence, the rule is, that when a thing which causes negligence is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care.

ID.—ACTIONS FOR NEGLIGENCE IN WHICH DOCTRINE IS APPLICABLE.— This doctrine is applicable in this state in actions for negligence whenever the circumstances shown justify its application, whether the action be one by a passenger against a common carrier, by a person bearing no relation to the one managing the thing causing the accident, or by an employee against an employer. Of course, to justify its application in any case, the circumstances of the accident must be such as, unexplained, afford reasonable evidence of want of care in a respect for which the defendant is liable in the particular action.

ID.—APPLICATION OF DOCTRINE IN ACTIONS BY EMPLOYEE AGAINST EM- PLOYER—INSUFFICIENCY OF EVIDENCE AS TO CAUSE OF ACCIDENT.—In actions by an employee against his employer to recover damages for injuries sustained by the employee in the course of his employment, the doctrine is not applicable, where the evidence as to the accident is such as to leave it purely a matter of mere surmise or conjecture whether the injury was due to a cause for which the employer was liable. The burden of proof is on the employee to show actionable negligence, and under such circumstances the mere happening of the accident is not *prima facie* evidence of such negligence.

ID.—UNEXPLAINED EVIDENCE WARRANTING INFERENCE AS TO CAUSE OF ACCIDENT.—Where, however, the evidence is of such a nature as to fairly warrant the inference as a fact, in the absence of explanation, that the accident was due to a cause for which the employer is liable to his employee, the doctrine is applicable, and a sufficient case is made to require submission of the question of the employer's liability to the jury.

ID.—FALL OF ELEVATOR USED IN CONSTRUCTION OF BUILDING—EVIDENCE WARRANTING INFERENCE OF DEFECTIVE CONSTRUCTION—IMPROPER NONSUIT.—In this action by an employee against his employer to recover damages for personal injuries resulting from the fall of an elevator which had been temporarily placed in a building, and was being used and operated by the employer in order to facilitate his work on the building, it is held, that the plaintiff's evidence as to the condition of things, at the top of the elevator shaft and of the head-piece immediately after the accident, in connection with the evidence as to the lowering of the head-piece only a day or so before, was of such a nature as, in the absence of explanation, to fairly warrant the inference that the accident to the elevator was due to its improper and defective construction, and was such an

accident as in the ordinary course of things does not happen if those who have the management use proper care, and that the plaintiff made a sufficient case of negligence to preclude the granting of a nonsuit.

ID.—KNOWLEDGE BY DEFENDANT OF DEFECT—WANT OF CARE IN ASCERTAINING CONDITIONS.—In order to make a sufficient case for the jury, it was not incumbent on the plaintiff, under the circumstances appearing, to do anything further in the way of showing that the defect in the appliance was actually known to the defendant, or would have been discovered upon the exercise of reasonable care to ascertain as to its condition.

ID.—SUFFICIENCY OF EVIDENCE TO ESTABLISH PRIMA FACIE CASE—PRECISE NATURE OF DEFECT NEED NOT BE SHOWN.—Under the circumstances appearing, it is reasonable to assume that the defendant could have ascertained and probably did ascertain the cause of the accident, and certainly it was within his knowledge whether or not he had used due care for the observance of defects in the appliance furnished for the use of his employees. Under such circumstances it is enough for the employee to show that the accident was due to a defect in the appliance furnished the employee, without showing the precise nature of the defect in this respect, and such a showing warrants the inference that, if the defendant does not choose to give an explanation, the real cause was negligence on his part. This conclusion does not violate the rule that the party who alleged negligence must prove it, but simply means that such proof, under the circumstances, fairly warrants an inference of negligence, in the absence of explanation or evidence of reasonable care on the part of a defendant having superior knowledge as to the facts.

ID.—ELEVATOR USED BUT NOT CONSTRUCTED BY EMPLOYER.—It is immaterial to the defendant's liability that he did not construct the elevator, or put the piece that gave way in the place where it was at the time of the accident, if he had procured from the owner the use of the elevator for the purposes of his own work, and furnished it to his employees for their use in such work, and was in the management and control of it while it was being so used.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Olney, Pringle & Mannon, and J. R. Pringle, for Appellant.

Jesse W. Lilienthal, Albert Raymond, Lilienthal, McKinstry & Raymond, for Respondent.

ANGELLOTTI, C. J.—Hearing granted in this court after decision by the district court of appeal for the first district.

This is an action brought to recover damages for personal injuries sustained by the plaintiff from the fall of an elevator which occurred during the making of certain repairs upon the City of Paris building in San Francisco.

The defendant was a contractor engaged in doing certain cement and plaster work in the course of said repairs, and while doing such work was using and operating an elevator which had been temporarily placed in said building by the Clinton Fireproofing Company in order to facilitate the work of making the repairs. Defendant was using this elevator in his own work under an arrangement with the fireproofing company, paying such company a stipulated sum per day for the use of the car and the engineer's time. This elevator was operated by means of a donkey engine in the basement, the engineer of which engine was directed by the defendant while he and his employees were making use of the elevator. The plaintiff was a hod carrier who had been in the employ of the defendant for a day or two before the accident occurred. On the day of the accident one Richard Downing was acting as foreman for the defendant and was directing the services of his employees in the prosecution of said work. A short while before the accident Downing directed the plaintiff to go with him upon said elevator to the upper floor of the building, there to procure some barrels of cement which were to be placed upon the elevator and transported to a lower floor. The cement was placed upon the elevator; the plaintiff also got upon it with Downing and by his direction, and the latter gave the engineer the signal to descend. While so descending Downing signaled the engineer to stop at the required floor. In descending, whether without stopping or just upon stopping at the second floor, the evidence being in conflict on this point, the elevator fell to the basement. The plaintiff received the injuries complained of, was carried unconscious from the building, and was for several months confined in a hospital or at his home, and was thereby precluded from conducting any personal investigation as to the cause of the accident. When he so far recovered as to be able to make such investigation both the elevator and all external evidences of the way the accident had occurred had disappeared.

Upon the trial plaintiff introduced evidence showing the facts hereinbefore stated. There was also evidence tending to show as follows: The elevator was an ordinary hoisting elevator for use in building purposes, placed temporarily in any building where its use was deemed expedient by its owners, the Clinton Fireproofing Company. The top of this appliance was a head-piece or cat-head, consisting of "a timber carrying two sheaves," over which the cable attached to the car ran. Apparently, the appliance was put in place in a building by attaching this head-piece in some way to the building itself. A very short time before the accident the engineer of the Fireproofing Company, who was still in their employ at the time of the trial, testified that "it may have been one day, or it may have been three or four—a very short time before," this head-piece had been lowered from a former position to the place where it was at the time the elevator fell. Almost immediately after the accident and before anything had been done to change the conditions, both the engineer and one Nelson made an examination as to the situation. The engineer testified that he found that "the head-piece was scattered pretty much all over the building," and again: "That was scattered all over the building, that part of it." Asked as to whether he found any portion of the head-piece broken, he said that he "found it all broken apart, it was all separated, and there was a cap of one of the boxes broken." He said that he could not say that he found any of the pieces of wood that composed the head-piece broken in two or cracked, but that there were timbers broken that were used in holding the head-piece in place. He found "a bunch of broken timbers." Again he testified that at the top he found "some timbers there that were broken in two, or cut in two by the line." Nelson testified: "I found the pieces that carried the two wheels or pulleys that the cable ran over were broken; there were some of them broken and some of the boxes where the ex goes in were pulled out of the sockets, and, . . . two of the iron boxes came down into the basement. The whole business was pulled apart and broken, some of it loose." There was also evidence to the effect that once or twice previously the same load had been carried on the elevator, but it does not affirmatively appear that this was prior to the lowering of the head-piece.

In his complaint herein plaintiff averred that "the breaking and falling of said elevator was due to the improper and negligent construction thereof, and that said defendant had knowledge of said negligent and improper construction and that the plaintiff had no knowledge thereof."

There was no other proof than that above stated as to the cause of the falling of the elevator, or in support of the averment that the breaking and falling of the elevator was due to the improper and negligent construction thereof, or that defendant had knowledge of said negligent and improper construction, or should have had such knowledge. Upon the grounds, among others, that there was not sufficient evidence to make a *prima facie* case in these regards, defendant moved for a nonsuit, and the lower court granted such motion. Judgment was thereupon given that plaintiff take nothing, and we have here an appeal by plaintiff from such judgment.

It is to be borne in mind that the cause of action stated in the complaint is based solely on the alleged "improper and negligent construction" of the elevator, and that no other negligence on the part of defendant, if any, such for instance as negligence in the operation of the elevator, is available to plaintiff in this action, as the pleadings now are. We have no doubt, however, but that the specification of improper and negligent construction must be construed as meaning an improper and negligent condition of the elevator as it was at the time of the accident—its unfitness at that time for the purposes for which it was intended and was being used. It was incumbent on plaintiff to make a *prima facie* case of negligence in the respect averred, and if he did not present evidence from which the jury could legitimately infer negligence on defendant's part in this respect, the motion for a nonsuit was properly granted. Of course, as was said in *Hoff* v. *Los Angeles etc. Co.*, 158 Cal. 596, 599, [112 Pac. 53], "the motion for nonsuit admits the truth of plaintiff's evidence, and every inference of fact that can be legitimately drawn therefrom, and upon such motion the evidence should be interpreted most strongly against the defendant." It is also true, however, as said in *Janin* v. *London & S. F. Bank*, 92 Cal. 14, 27, [27 Am. St. Rep. 82, 14 L. R. A. 320, 27 Pac. 1100]: "In order to justify the submission of any question of fact to a jury, the proof must be sufficient to raise more than a mere conjecture or surmise that the fact is as alleged.

It must be such that a rational, well-constructed mind can reasonably draw from it the conclusion that the fact exists, and when the evidence is not sufficient to justify such an inference, the court may properly refuse to submit the question to the jury."

In the absence of further affirmative proof as to the cause of the accident and the negligence of the defendant, plaintiff relies upon the application to his case of the doctrine of *res ipsa loquitur,* claiming that applying this doctrine the evidence was sufficient to create a presumption of defendant's negligence in the respect averred—to make a *prima facie* case in such respect, and thus to put defendant to his proof.

As was said by the district court of appeal, the maxim *res ipsa loquitur* translated means simply "the thing, or affair, speaks for itself," and, so speaking, authorizes the inference of negligence in the absence of a showing to the contrary. As applied to cases of alleged negligence, the rule, as stated in *Judson* v. *Giant Powder Co.,* 107 Cal. 549, 556, [48 Am. St. Rep. 146, 20 L. R. A. 718, 40 Pac. 1020], quoting from Shearman and Redfield on Negligence, is: "When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care." (See, also, *Kahn* v. *Triest-Rosenburg Cap Co.,* 139 Cal. 341, 344 [73 Pac. 164].) There can be no doubt, in view of the decisions in this state, as to the applicability of this doctrine in actions for negligence wherever the circumstances shown justify its application, whether the action be one by a passenger against a common carrier, by a person bearing no relation to the one managing the thing causing the accident, or by an employee against an employer. (See *Judson* v. *Giant Powder Co.,* 107 Cal. 549, [48 Am. St. Rep. 146, 20 L. R. A. 718, 40 Pac. 1020].) Of course, to justify its application in any case, the circumstances of the accident must be such as, unexplained, afford reasonable evidence of want of care in a respect for which the defendant is liable in the particular action. For this reason the rule that the accident speaks for itself and *prima facie* shows negligence has been held inapplicable in many actions by an employee against his employer to recover damages for injuries sustained by

the employee in the course of his employment. Under the law generally applicable to the relation of employer and employee there were certain cases in which the employer was not liable for injuries received by the employee in the course of his employment, such as, for instance, where the injury was produced by a cause as to which the employee had assumed the risk or was caused by the negligence of a fellow-servant. It may safely be said that the authorities generally support the conclusion that where the evidence as to the accident was such as to leave it purely a matter of mere surmise or conjecture whether the injury was due to a cause for which the employer was liable, the doctrine is not applicable. The burden of proof is on the employee to show actionable negligence, and under such circumstances the mere happening of the accident is not *prima facie* evidence of such negligence. On this point it is sufficient to cite such California cases as *Madden* v. *Occidental etc. S. S. Co.*, 86 Cal. 445, [25 Pac. 5] ; *Sappenfield* v. *Main St. etc. Co.*, 91 Cal. 48, [27 Pac. 590] ; *Thompson* v. *California Construction Co.*, 148 Cal. 35, [82 Pac. 367] ; and *Campbell* v. *Southern Pacific Co.*, 21 Cal. App. 175, [131 Pac. 80]. But where the evidence is of such a nature as to fairly warrant the inference as a fact, in the absence of explanation, that the accident was due to a cause for which the employer is liable to his employee, the doctrine is applicable, and a sufficient case is made to require submission of the question of the employer's liability to the jury. So here, if the evidence was of such a nature as, in the absence of explanation, to fairly warrant the inference that the accident to this elevator was due to the improper and defective construction, construing the allegation of the complaint in this behalf as we have construed it, and was such an accident as in the ordinary course of things does not happen if those who have the management use proper care, plaintiff made a sufficient case to preclude the granting of a nonsuit.

It seems to us very clear that this was the condition of the evidence when plaintiff rested his case. The evidence as to the condition of things at the top of the shaft and of the head-piece immediately after the accident, in connection with the evidence as to the lowering of the head-piece only a day or so before, renders it an entirely reasonable inference that the sudden fall of the elevator was due to the giving way, under the strain of the load, of the supports of the head-piece. The

evidence of the engineer, whose interest, if any, would natur-
ally be with the defendant, tended to show that, while attach-
ments of the head-piece had given way in the accident and that
the thing was "all broken apart," "separated," none of the
pieces of wood that composed the head-piece had been broken
in two or cracked, but that timbers holding the head-piece in
place were broken in two. The head-piece itself had appar-
ently been wrenched away from its supports, and had fallen
to the floor. At least, the evidence was such as to make this
a reasonable conclusion. It would be entirely reasonable to
conclude, upon this evidence, in view of the established fact
that the appliance had always previously proved sufficient for
the purposes for which it was used, that the defect was in the
supports at the place to which it had been recently lowered,
or the manner of its attachment to those supports. The con-
ditions were not such, in our judgment, as to indicate that
the falling of the elevator was due to any negligence on the
part of the engineer. We do not well see how the falling
of the elevator could have produced the conditions existing
at the top of the shaft immediately after the accident. In
view of the use that had previously been made of the elevator,
it is not fair to assume that there was any negligence in plac-
ing on it as large a load as that with which it started from
the fourth floor. Really, in view of the circumstances shown,
no adequate cause for the accident appeared other than the
giving or yielding of the supports of the head-piece. Such a
thing does not happen in the ordinary course of things if those
who have the management use proper care.

We are of the opinion that, in order to make a sufficient
case for the jury, it was not incumbent on plaintiff, under
the circumstances appearing, to do anything further in the
way of showing that the defect in the appliance was actually
known to the defendant, or would have been discovered upon
the exercise of reasonable care to ascertain as to its condition.
There was nothing in the evidence showing that the defect
was such that it would not have been discovered, had such an
examination of the structure been made by defendant as rea-
sonable care for the safety of his employees demanded. The
evidence indicates that the plaintiff could have known nothing
before the accident about the condition of the elevator in so
far as its safety was concerned, and shows that by reason of
his injuries he was unable to make any investigation as to

the cause of the accident until the elevator and all external evidence of the way the accident had occurred had disappeared. It is reasonable to assume that the defendant could have ascertained and probably did ascertain the cause of the accident, and certainly it was within his knowledge whether or not he had used due care for the observance of defects in the appliance furnished for the use of his employees. There are numerous authorities to the effect that under such circumstances it is enough for the employee to show that the accident was due to a defect in the appliance furnished the employee, without showing the precise nature of the defect, in this respect, and that such a showing warrants the inference that, if the defendant does not choose to give an explanation, the real cause was negligence on his part. This conclusion does not violate the well-settled rule that the party who alleged negligence must prove it, but simply means that such proof, under the circumstances stated, fairly warrants an inference of negligence, in the absence of explanation or evidence of reasonable care on the part of a defendant having superior knowledge as to the facts. In the case of *Penson* v. *Island Empire etc. Co.*, 73 Wash. 338, [132 Pac. 39], this question was discussed. In that case a scaffold on which the plaintiff was standing while painting a roof, fell, the fall being due to the breaking of a 2x4 support, and it did not appear whether the defect in the timber was a patent or a latent defect. The same contention was there made as here, and the court after a full discussion, concluded as follows: ''The *prima facie* case made by the character of the accident itself was not met in any way. The unexplained facts speak negligence.'' The theory of the decisions in accord with this view is simply that the circumstances appearing are such that the jury may reasonably infer therefrom, in the absence of explanation, that the employer was guilty of negligence in the matter. There is ample authority for the view thus expressed, and it appears to us to be in accord with reason. While there are undoubtedly cases apparently opposed to this view, we know of no decision in this state that is clearly to the contrary. In *Madden* v. *Occidental etc. Co.*, 86 Cal. 445, [25 Pac. 5], where the cause of the death of the employee was the breaking of a rope sling, it was said that it might be conceded that negligence of the employer might be inferred if it had been shown that the sling was being properly used by the co-employees of the

deceased, and in the ordinary way. In *Sappenfield* v. *Main St. etc. Co.,* 91 Cal. 48, [27 Pac. 590], the court was discussing an instruction given to the jury, as to the duty of the employer, which was erroneous in declaring that the obligation upon the employer requires him to furnish such appliances "as combine the greatest safety with practical use." Incidentally it was said in the course of the discussion that "the mere fact of the injury or accident does not raise a presumption of negligence and . . . it must be shown that the master knew or had notice that the appliance was defective." This, however, should not be taken as meaning that the circumstances of the accident, unexplained, may not be sufficient to reasonably warrant an inference that the employer knew or should have known of the defect. In *Thompson* v. *California Construction Co.,* 148 Cal. 35, [82 Pac. 367], it was held that under the circumstances of that case, "the mere happening of the accident is not *prima facie* evidence of neglect" on the part of the employer, and that "that rule applies only in cases where, in the ordinary course of things, due care being used, such accidents do not happen." There the plaintiff was employed in a quarry, in which the conditions of danger constantly changed as the work progressed, and was injured by the sliding of a rock upon him. A single expression in the opinion of the department deciding the case of *Brymer* v. *Southern Pacific Co.,* 90 Cal. 496, [27 Pac. 371], probably comes nearer to supporting a contrary view than any other California case. It was said "that the mere fact that the chain broke would not authorize the inference that the defendant had failed to exercise reasonable care in the selection of the appliances used." The question presented on that appeal was one simply of the correctness of an instruction that "the mere fact that an accident occurred by which the plaintiff was injured does not fix the liability, or even raise a presumption that the defendant was at fault in providing machinery," etc., on account of the refusal to give which a new trial had been granted by the trial court. As an abstract proposition of the law applicable to the relation of employer and employee, this instruction was admittedly correct, and it may be conceded that the facts of that case justified even the expression of the court above set forth. In *Higgins* v. *Williams,* 114 Cal. 176, [45 Pac. 1041], the same department, distinguishing the case, said that in the Brymer case the defect "was latent and con-

cealed.'' In the case at bar we have a very different situation from that presented by the *mere breaking of a chain.* We have a case where it may fairly be inferred that the supports and attachments by which the head-piece was to be kept in place were insufficient—that when the head-piece was lowered shortly before the accident, it was not attached in such a place and in such a manner as would render it a safe appliance for the purposes for which it was intended. There is nothing to show precisely what the defect was. While it may be easy for the defendant to meet and rebut the case made by plaintiff, we think that, in view of what we have said, the showing in this respect was sufficient to preclude the granting of a nonsuit.

We have no doubt that it is entirely immaterial that defendant did not ''construct'' the elevator, or put the head-piece in the place where it was at the time of the accident. We have already referred to the matter of the proper construction to be given to the allegation of the complaint as to the cause of the accident, viz., ''the negligent and improper construction'' of the elevator. Defendant had procured from the owner the use of the elevator for the purposes of his own work, and furnished it to his employees for their use in such work. He was in the management and control of the same while it was being so used. It was incumbent on him, so far as his employees were concerned, to use reasonable care to see that it was not a defective and dangerous appliance for them to use in his work. It is entirely sufficient, in so far as plaintiff's case is concerned, that defendant was *using* this appliance as he did. (See *Higgins* v. *Williams,* 114 Cal. 176, 183, [45 Pac. 1041].) The claim of learned counsel for defendant is based on too narrow a construction of the allegations of the complaint.

We see no other matter in the briefs that requires notice. We are of the opinion that the lower court erred in granting the motion for a nonsuit.

The judgment is reversed.

Shaw, J., Sloss, J., Melvin, J., and Lorigan, J., concurred.