[S. F. No. 8298.   In Bank.—October 8, 1919.]

KENNETH M. GREEN, Respondent, v. SOUTH SAN FRANCISCO RAILROAD AND POWER COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE—TRESPASS UPON RAILROAD RIGHT OF WAY—DUTY OF COMPANY.—Where a railroad company runs its track upon its own land and not along or across a street or other public way, any person who goes upon such right of way without the consent, express or implied, of such company is a trespasser to whom the company owes no duty to facilitate his trespass or render it safe, although bound to use ordinary care to avoid injuring him in the operation of its road after seeing him so trespassing and in a dangerous position.

[2] ID.—CROSSING OF RAILROADS—DUTY TOWARD TRESPASSER.—The duty of a railroad company toward persons thus trespassing is not changed, with regard to either road, when two railroads cross each other at a place where there is no other public way.

[3] ID.—ESTABLISHMENT OF STATION AT CROSSING—DUTY OF COMPANY. Where one of two railroad companies, whose roads cross each other at a place where there is no other public way, establishes a passenger station near such crossing, such company immediately becomes charged with the duty of exercising reasonable care to prepare and maintain suitable station grounds and make them safe and convenient for persons leaving its cars there, or who may be there for any lawful purpose.

[4] ID.—CROSSING OF TRACKS OF ANOTHER RAILROAD—LAYING OF TRACKS AND CONSTRUCTION OF ROADBED—SCOPE OF OBLIGATION OF CIVIL CODE.—The requirement of section 465 of the Civil Code that a street railway company lay its tracks and maintain its roadbed

at the crossing of the track of another road so as to afford security for life and property, runs not only to its own passengers but to persons who may be passengers upon the other road or who may be about the station for proper and lawful purposes, but is limited by its power to control the matter of constructing and laying tracks.

[5] ID.—CROSSING OF TRACKS OF RAILROAD AND STREET RAILWAY—MAINTENANCE OF TRACKS—NEGLIGENCE OF RAILROAD—DUTY OF STREET RAILWAY COMPANY NOT VIOLATED.—If tracks were maintained by a railroad company at its crossing with the tracks of an electric street railway in a negligent manner and without due regard for the safety of persons lawfully at that place upon the railroad's invitation, such negligence was a violation of the duty which the railroad company owed to such persons and was not a violation of any duty the street railway company owed to them.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Reversed.

The facts are stated in the opinion of the court.

Wm. M. Abbott, Wm. M. Cannon and Kingsley Cannon for Appellant.

Vogelsang & Brown, L. Seidenberg and Henshaw, Black & Goldberg for Respondent.

SHAW, J.—The defendant appeals from the judgment.

The action was begun to recover damages from bodily injuries alleged to have been caused by the negligence of the defendant. The complaint alleged that the defendant was operating an electric street railway upon a public street in South San Francisco, which railway crossed the tracks of the Southern Pacific Company near the passenger station of said Southern Pacific Company. On the subject of negligence it alleged that where the defendant's track crosses the Southern Pacific tracks and for more than one hundred feet immediately west of the crossing, the defendant failed and neglected to pave, plank, macadamize, or fill in the ground between the tracks and on each side thereof or to keep the track on said street flush with the street or flush with the surface of the ground, but, on the contrary, both rails of the defendant's track projected the full depth of the rail above the surface of the ground at said place, and that by reason thereof the said track was unsafe and dangerous; that at the time of the in-

jury plaintiff approached the station of the Southern Pacific Company at South San Francisco to take passage on a train of that company which had stopped at said station for that purpose, and being unaware of the dangerous condition of the defendant's track, he tripped upon one of the rails of defendant's track so projecting above the level of the ground, and was thereby caused to fall to the ground in such a position that his left arm was thrown across one of the rails of the track of the Southern Pacific Company; that the wheels of the said train passed over his arm and so injured him that his arm had to be amputated at the shoulder.

We think there was no proof that the defendant violated any duty owing by it to the plaintiff to exercise care in his behalf at the place of injury, and that for this reason the judgment must be reversed. The allegation that the tracks of the defendant were laid in a public highway at that place was not true. Neither the tracks of the defendant nor those of the Southern Pacific Company at that point were upon any public way. Both companies were operating their cars upon tracks laid upon property acquired by them respectively for railway purposes only. The obligations of a railway company which lays its tracks in a public street to maintain the same flush with the street and to otherwise exercise care for the safety of persons lawfully traveling thereon have no bearing upon the case. The liability of the defendant depends upon the duties it owed under the law to exercise care at a place where its track is not laid upon a public street or highway. The evidence showed that the train had stopped at the station of the Southern Pacific Company as alleged, that it was about to start on its journey again, that defendant attempted to board said train and was injured by stumbling over the defendant's rails as alleged. The defendant street railway did not cross the Southern Pacific tracks immediately upon the grounds prepared and maintained for station purposes by the Southern Pacific Company. The defendant maintained no station at that point and its cars did not stop there. It had no interest in maintaining the station.

The authority of the defendant to lay its tracks across those of the Southern Pacific Company is found in the Civil Code. Section 500 provides that any street railway track is permitted to cross any railroad track already constructed and that the crossing must be made "as provided in chapter two, title

three, of this part.'' The provisions referred to are in sections 465 and 469. Section 465 enumerates and describes the powers given to ordinary railroad companies. It authorizes such railroad company, if the route of its road intersects any existing railway, or other public way, to construct its road across the same ''in such manner as to afford security for life and property; but the corporation shall restore the . . . railroad [or other public way] . . . thus intersected to its former state of usefulness as near as may be, or so that the railroad shall not unnecessarily impair its usefulness or injure its franchise.'' (Subd. 5.) Section 469 provides that where the track of one railroad intersects another, ''the rails of either or each road must be so cut and adjusted as to permit the passage of the cars on each road with as little obstruction as possible.''

[1] Where a railroad company runs its track upon its own land and not along or across a street or other public way, any person who goes upon such right of way without the consent, express or implied, of such company is a trespasser. (*Toomey* v. *Southern Pac. Co.*, 86 Cal. 379, [10 L. R. A. 139, 24 Pac. 1074]; *Baltimore etc. Co.* v. *State*, 62 Md. 487, [50 Pac. 233]; *Palmer* v. *Railroad Co.*, 112 Ind. 253, [14 N. E. 70].) To such person the company owes no duty ''to facilitate his trespass or render it safe,'' although bound to use ordinary care to avoid injuring him in the operation of its road after seeing him so trespassing and in a dangerous position. (Ibid.) [2] This duty toward persons thus trespassing is not changed, with regard to either road, when two railroads cross each other at a place where there is no other public way.

[3] If one of such railroad companies establishes a passenger station near such crossing, that company immediately becomes charged with the duty of exercising reasonable care to prepare and maintain suitable station grounds and make them safe and convenient for persons leaving its cars there, or who may be there for any lawful purpose. This duty rests upon that company alone. The other company at the near-by crossing stands in no relation to the passengers of the first company nor to persons who may come to its station for purposes connected therewith. We are here concerned solely with the duty of the street railway company in regard to the manner of maintaining its tracks and roadbed at the crossing in question.

Section 469 relates merely to the duty of the road making the crossing to cut and adjust its rails so as to permit the passage of cars of the other road with as little obstruction as possible. It is not claimed that this duty was not fully performed. The provisions of section 465 above quoted require such street railway to lay its tracks and maintain its roadbed at such crossing so as to afford security for life and property. [4] This obligation runs not only to its own passengers but to persons who may be passengers upon the other railroad or who may be about the station for proper and lawful purposes connected therewith, but it is obvious that the obligation of the defendant is limited by its power to control the matter of constructing and laying the tracks. It had no power or authority to compel the Southern Pacific Company to extend its station grounds or to maintain them in a suitable or different manner or condition from that which existed at the time. The Southern Pacific Company had laid its tracks at the crossing so that the full width of the rails projected above the ties and the space between them was not filled in above the top of the ties. It was maintaining its rails and roadbed in this manner at the time the crossing was made and until the accident occurred. The defendant had laid its rails and was maintaining them in the same manner at that time. It had no power to compel the Southern Pacific Company to adopt a different plan. If the latter company had extended its station grounds to the place of the crossing and had filled in the space between its tracks for the convenience and safety of its passengers the defendant might have been bound thereafter, while maintaining the crossing, to co-operate and fill in between its own tracks to correspond with the plan of the Southern Pacific Company. But so long as the latter company did not extend its station grounds to the crossing, the plain duty of the defendant was to maintain its own tracks and roadbed to correspond with those of the Southern Pacific Company at that place. It it had maintained them at a different level and a passenger of the other company had been injured thereby, the defendant might have been subject to a charge of negligence for such departure from the general conformation of the surface as established and maintained by the Southern Pacific Company at that place. It was under no obligation to adopt a manner of maintaining its own track at the crossing different from that adopted by the Southern Pacific Company at

that place.  [5]  If they were maintained in a negligent manner by the Southern Pacific Company and without due regard for the safety of persons lawfully at that place upon its invitation, this negligence was a violation of the duty which the Southern Pacific Company owed to such persons and was not a violation of any duty which the defendant owed to them. It was the negligence of the Southern Pacific Company alone. The consequence is that such condition of the tracks and roadbed was not negligence by defendant toward the plaintiff. For these reasons we are of the opinion that the verdict is not sustained by the evidence.  This conclusion renders it unnecessary to consider the other points presented in the case.

The judgment is reversed.

Olney, J., Melvin, J., Angellotti, C. J., and Lawlor, J., concurred.

WILBUR, J.—I concur in the judgment.  It is the duty of a railroad company toward its intending passengers to use care in the preparation and maintenance of its premises that a person of ordinary prudence would exercise in such matters.  If we assume, as respondent contends we should, that the obligation of the appellant was the same as that of the railroad company with reference to that portion of its track which is sometimes used by passengers intending to take the Southern Pacific Company's passenger trains, the instructions in this case are erroneous for the reasons that, taken as a whole, they asserted the duty of the appellant to make its tracks at the point in question safe for intending passengers.  Without further analysis of either the instructions or the evidence it is sufficient to say that even on the theory of respondent the judgment must be reversed.

Upon the question of the duty of the care in this state with reference to the maintenance of its passenger depot grounds, see *Falls* v. *San Francisco etc. Co.*, 97 Cal. 114, [20 L. R. A. 520, 31 Pac. 901]; *Lafflin* v. *Buffalo & S. W. R. Co.*, 106 N. Y. 136, [60 Am. Rep. 433, 12 N. E. 599].  See, also, upon the analogous question of the duty to provide a safe place to work, *Sanborn* v. *Madera Flume & Trading Co.*, 70 Cal. 261, [11 Pac. 710], *Brymer* v. *Southern Pacific Co.*, 90 Cal. 496, [27 Pac. 371], *Sappenfield* v. *Main St. & Agricultural Park*

*R. R. Co.*, 91 Cal. 48, [27 Pac. 590], and *Thompson* v. *California Construction Co.*, 148 Cal. 35, [82 Pac. 367].

Lennon, J., concurred.

Rehearing denied.

All the Justices concurred.